Alvah Risley *v.* Abner Brown, Impleaded, etc.

Upon the death of one of the makers of a joint promissory note, who signed simply as surety, his estate is absolutely discharged from the payment thereof, both in law and equity.

It is immaterial that the surety died after a joint judgment against him and his principal; nor is his position affected by the fact that an appeal on his part was pending at the time of his death, and that he had given an undertaking upon such appeal, providing for the payment of the judgment if affirmed.

Where, therefore, a motion was made to substitute the personal representatives of a surety, against whom and his principal a joint judgment had been obtained, as defendant in his stead, he having died after affirmance by the General Term, and during the pendency of an appeal to this court, upon which appeal an undertaking had been given staying execution, *held*, that the motion must be denied; that there could be no propriety in the substitution, as the judgment could never be enforced or properly affirmed; that the appeal could not be continued simply for the purpose of enabling the plaintiff, in case of affirmance, to bring an action upon the undertaking, as there could be no liability upon the undertaking after the judgment had been discharged, either by act of the parties or operation of law.

(Argued October 6, 1876; decided November 14, 1876.)

The nature of the motion and the facts sufficiently appear in the opinion.

*Horatio Ballard* for the motion.

*Amasa J. Parker* opposed.

Earl, J.   This is a motion for an order substituting the administrator of Abner Brown as defendant, he having died during the pendency of the appeal to this court.

The action was upon a joint promissory note made by the defendants, Abner Brown signing simply as surety.   The principal interposed no defence.   The action was tried before a referee, and the plaintiff recovered judgment, and judgment was entered against both defendants.   Abner Brown alone appealed to the General Term of the Supreme Court, and there the judgment was affirmed.   He then appealed to this court, and filed the usual undertaking providing for the payment of the judgment, if it was affirmed or the appeal dismissed.   Pending the appeal, he died, and an administrator has been appointed upon his estate.

The substitution ought not to be made.   It is the settled law of this State that upon the death of one of the makers of a joint promissory note, who was not liable for the debt irrespective of the joint obligation, but who signed the note simply as surety, his estate is absolutely discharged, both in law and equity (*Getty* v. *Binsse*, 49 N. Y., 385); and it makes no difference that the surety died after a joint judgment against him and the principal.   (*The United States* v. *Price*, 9 How. [U. S.], 83.)   In the latter case, the action was upon a joint and several bond against principal and surety, and a joint judgment was recovered.   The surety then died, and it was held, the obligee having treated the bond as joint by bringing an action thereon against principal and surety jointly, and the bond being merged in the judgment which was a joint obligation, that his estate was discharged, both in law and equity.   It is, therefore, unquestioned that the judgment appealed from cannot be enforced against the estate of Abner Brown.

But the claim is made that the giving of the undertaking upon the appeal altered the position of the surety, and imposed upon him an independent liability to pay the judgment in case of its affirmance; but the difficulty with this claim is that the judgment can never be properly affirmed.   As the

judgment can never be enforced against the estate of the surety, there can be no propriety in substituting his administrator. As the estate is absolutely discharged from all liability upon the judgment, we should not continue the appeal simply for the purpose of enabling the plaintiff, in case of affirmance, to bring an action upon the undertaking. But it must be true that whatever discharges the estate of a surety in such a case from the judgment, also discharges it from the undertaking. There can be no liability upon the undertaking given, after the judgment has been destroyed or discharged, either by the act of the parties or the operation of law. It is quite inadmissible to construe the undertaking to mean that the surety would pay the judgment, even if he or his estate would, after the giving of the undertaking, be discharged from all liability upon the judgment.

The motion must be denied, without costs.

All concur.

Motion denied.