BRIDGET McNULTY, Administratrix, etc., Appellant, *v.* LYMAN M. HURD, Respondent.

A judgment against a deceased person, although disputed or rejected by his personal representatives, need not be sued over in order to authorize a decree for its payment by the surrogate.

The surrogate may, upon application for such a decree, inquire into and pass upon alleged payments. made to apply upon the judgment, and determine the amount due thereon, and may also determine who is the owner of the judgment and entitled to the money; but he has no jurisdiction to determine whether there has been an accord and satisfaction, or whether the estate is entitled in equity to a release or discharge, either in whole or in part, from the judgment.

*It seems* that the remedy of the executors or administrators to prevent the inforcement of the judgment, and to obtain relief where the surrogate has no jurisdiction to grant it, is by resort to the proper judicial tribunals.

Statement of case.

This may be had either before or after a decree for the payment of the judgment, and a restraining process obtained either to prevent the decree or its inforcement.

*McNulty* v. *Hurd* (11 Hun, 339), modified.

(Argued February 1, 1878 ; decided February 19, 1878.)

Appeal from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a decree of the surrogate of Kings county, which required and directed the administratrix of James McNulty, deceased, to pay a judgment against her intestate, of which the respondent claimed to be the owner. (Reported below, 11 Hun, 339.)

The decree was rendered in proceedings upon application of respondent as a creditor for an order that the administratrix pay said judgment, she having refused so to do. It was claimed upon her part that respondent was not the owner of the judgment; also that the same had been paid. Other grounds of relief against the judgment were presented by the evidence; these are sufficiently set forth in the opinion.

*John C. McGuire*, for appellant. The surrogate had no jurisdiction of the subject-matter. (*Tucker* v. *Tucker*, 4 Keyes, 149; *Magee* v. *Vedder*, 6 Barb., 352; *Wilson* v. *Bap. Ed. Soc.*, 10 id., 308; *Disosway* v. *Bk. of Wash.*, 24 id., 60; *Curtis* v. *Stillwell*, 32 id., 354; *Andrews* v. *Wallege*, 17 How., 263; *Cooper* v. *Felter*, 6 Lans., 485.)

*John S. Berry*, for respondent. A surrogate has jurisdiction to try any question as to the ownership of a judgment obtained against a testator or intestate in his lifetime. (R. S. [5th ed.], chap. 6, part 2, title 3, § 78 ; *Kidd* v. *Chapman*, 2 Barb. Ch., 414; *Stillwell* v. *Carpenter*, 59 N. Y., 425; 2 Abb. [N. S.], 269–273.) In appeals from decisions of surrogates, the appellate court examines the whole case, both as to questions of fact and law. (28 N. Y., 494; 53 id., 627; *In re Page*, 62 Barb., 476.

Church, Ch. J. It has been definitely settled by this court that a surrogate has no jurisdiction to hear and determine the validity of disputed claims against the estates of deceased persons. (*Tucker* v. *Tucker*, 4 Keyes, 136.) And this decision followed and affirmed the doctrine of several previous decisions of the Supreme Court. (*Magee* v. *Vedder*, 6 Barb., 352; *Wilson* v. *Bapt. Educ. Soc. of S. of N. Y.*, 10 id., 308; *Disosway* v. *Bank of Washington*, 24 id., 60; *Curtis* v. *Stilwell*, 32 id., 354 ; *Andrews* v. *Wallege*, 17 How., 263.)

A surrogate has only such powers as have been conferred by statute, and he must exercise them as prescribed by statute. The mode of adjusting claims against an estate is specifically prescribed. (2 R. S., 88, 89.) They must be presented to the executors or administrators, and if allowed they are established ; if disputed or rejected they may be referred, and if not actions may be brought in the courts having jurisdiction. The questions presented in this case have not, that I am aware, been definitely settled. One of these questions is, whether when the claim consists of a judgment against the deceased, regular in form, and rendered by a court of competent jurisdiction, has been presented to the executors or administrators, and has been disputed but not referred, it is necessary for the owner of the judgment to bring an action against the administrators or executors to establish it as a debt against the estate, as in the case of other claims. If this is determined in the negative, another inquiry is, what questions the surrogate has jurisdiction to try in respect to such judgments ; and another is, what remedy have the administrators to set aside the judgment, or prevent its being inforced in whole or in part against the estate.

After a careful examination of the statute, but without much light from previous adjudications upon these precise points, we have arrived at a conclusion which may be stated without elaboration. We think that there is a distinction between judgments against the testator or intestate and other

claims.   A judgment is an adjudication of the rights of the parties in respect to the claim involved.   It imports absolute verity.   It cannot be disputed in the sense contemplated by the statute, any more than a judgment against the administrators.   In that sense it is final and conclusive.   The statute recognizes a distinction by giving priority to judgments over each other according to date of recovery, and over other debts.   (§ 27.)   This right of priority might be interfered with, if a new judgment was necessary in case of dispute, and thus a right secured by statute might be seriously impaired or entirely destroyed by the construction claimed.   We are of opinion, therefore, that a judgment against a deceased, even if disputed or rejected by executors or administrators, need not be sued over in order to authorize a decree for its payment by the surrogate.

As to the next inquiry above suggested, we are of opinion that the surrogate may inquire into, and pass upon, payments made to apply upon such judgments, and determine the amount due thereon.   He may also determine who is the owner of the judgment and entitled to the money.   This power is necessary to enable the surrogate to make the decree, and is fairly inferable from the language of section seventy-one.   Beyond this, the surrogate has no jurisdiction to try and determine questions in respect to the validity of judgments.   There may be grounds for setting aside judgments, as if obtained by fraud, or where there has been an accord and satisfaction; and there may be other grounds for relief such as is a set-off and the like, or the estate of the deceased may be entitled in equity to a release or discharge, either in whole or in part, from the judgment, and as to all these, I can find no warrant in the statute for the exercise of jurisdiction by the surrogate to adjudicate them.   To affirm such a power would open the door to a wide field of jurisdiction in law and equity by surrogates' courts, not contemplated by the statute, inconsistent with the limited powers conferred, and in some cases subversive of the right of trial by jury.

The remaining inquiry is, what is the remedy in such cases? We answer, a resort to the proper judicial tribunals by the executors or administrators. We have recently held that a surrogate has no power to decree an offset of judgments, but that a motion or action must be made or brought for that purpose in the proper tribunal. (*Stilwell* v. *Carpenter*, 59 N. Y., 414.) The same course may be pursued to secure any other relief to which a party may be entitled, and which the surrogate has no power to grant. This may be done either before or after a decree for the payment of· the judgment and a restraining process obtained, either to prevent such a decree or its inforcement. (*Stilwell* v. *Carpenter*, 59 N. Y., 414.) There is room, doubtless, for a difference of opinion as to the correctness of these views, but we think they furnish convenient rules, regardful of the rights of all parties, and are consistent with the theory and spirit of the statute, and in harmony with its provisions.

The evidence in this case suggests three possible grounds for relief against this judgment, neither of which has the surrogate power to try.

First. Accord and satisfaction. Soon after the judgment was obtained notes were made and delivered under circumstances claimed to be an accord and satisfaction. A portion of the amount had been paid, and to that extent there is no dispute that the payments were to apply on the judgment, and as to these the surrogate had power to inquire, under the authority to ascertain and compute the amount due, but beyond this, other principles were involved, which were beyond his jurisdiction.

Second. The deceased having been a surety upon the obligation upon which the judgment was rendered, whether the agreement to give time to the principal, until the notes became due, did not discharge him.

Third. The intestate being such surety, whether his death did not discharge his estate. It is well-settled that upon the death of a joint obligor who is a mere surety, and is not liable irrespective of such obligation, his estate is discharged

both at law and in equity. (*Risley* v. *Brown*, 67 N. Y., 160, and cases cited; *Jarvis* v. *Van Buren*, not reported.) And the same result has been held to follow where a joint judgment had been obtained upon a joint and several obligation. (*United States* v. *Price*, 9 How. [U. S.], 83.)

We do not of course intend to intimate an opinion as to the validity of any of these grounds of relief. Only one of them was litigated before the surrogate; as to the other two, there can be no plausible reason given for claiming that the surrogate had power to try them, and we think that one, although more doubtful, falls within the same principle. The administrators should have an opportunity to litigate any or all of these questions if they desire, and to enable them to do so, so much of the decree as directs the payment of the judgment in controversy should be modified by staying its inforcement for sixty days after notice of the filing of the remittitur, without costs to either party as against the other in this court, or the Supreme Court.

All concur.

Judgment accordingly.