DETERMINED IN THE

# SECOND DEPARTMENT,

AT

# GENERAL TERM,

## May, 1879.

---

BRIDGET E. McNULTY AS ADMINISTRATRIX, ETC., OF JAMES McNULTY, DECEASED, RESPONDENT, *v.* LYMAN M. HURD, APPELLANT.

*Surety — released by an unauthorized extension of time given to the principal debtor — Effect of a judgment on a joint and several bond — when the estate of a surety is released by his death.*

One Tong, having been arrested under an execution, obtained the liberties of the jail limits by giving a bond to the sheriff, signed by himself, and by McNulty, the plaintiff's intestate, by Lynch and by Thompson, as sureties. Tong having escaped, the sheriff recovered a judgment upon the bond against the principal and sureties thereto, which he subsequently assigned to the plaintiff in the execution, who thereafter assigned it to one Hurd. The latter agreed with Tong to take notes for the amount of the judgment, signed by him and all the sureties, payable at different times in a period extending over two years. Notes were accordingly given, signed by Tong and Lynch alone, some of which were paid and others were not. McNulty had no knowledge of the giving of the notes and did not assent thereto. Subsequently McNulty died, and this action was brought by his administrator to prevent the collection of the residue of the judgment from his estate.

*Held,* that McNulty was released by the unauthorized extension of time given to the principal debtor.

*Semble,* that although the bond was joint and several, yet the recovery of a judgment, against the principal and sureties thereon, was an election on the part of the creditor, to regard the obligation as a joint one, and that consequently the estate of McNulty was released by his subsequent death.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

HUN — VOL. XVIII.          1

The action was brought to restrain the defendant from enforcing against the plaintiff a judgment recovered against her intestate, James McNulty, and others, and from enforcing a decree of the surrogate of Kings county, requiring the plaintiff to pay the amount of the above mentioned judgment remaining unpaid.

*N. B. Sanborn,* for the appellant.

*McGuire & Kuhn,* for the respondent.

BARNARD, P. J. :

In 1858, one Remson, sheriff, held an execution against the person of one Tong. Under this execution Tong was arrested by the sheriff, and Tong obtained the liberties of the jail limits of Kings county upon a bond executed by Tong, and by James McNulty, plaintiff's intestate, and by William Lynch and William Thompson as sureties, that he, Tong, would remain a true and faithful prisoner of the sheriff, as provided by statute. (2 R. S., 434, sec. 42.) Tong escaped and the sheriff recovered a judgment against Tong and the three sureties for the amount of the execution, and assigned the judgment to the plaintiff in the execution in 1859. Williams, in the same year, assigned the judgment to Henry Hurd. While Henry Hurd owned the judgment he agreed with Tong to take notes made by Tong and all the sureties, payable at different dates, aggregating the face of the judgment, and the last note maturing about two and a-half years from its date. Three or four of the notes last payable were not paid. The notes were not, in fact, signed by all the sureties, but only by Tong and Lynch. McNulty was not present at the giving of the notes — was not proven to have assented to the transaction, and is now dead. The defendant is the present owner of the judgment, and seeks to enforce the payment of the entire amount remaining unpaid from the estate of McNulty. It is too well settled to need authority, that an extension of time to the principal, without the assent of the surety, discharges the surety. This relation continues after judgment, and the rights of the surety are to be protected in equity after judgment. (*La Farge* v. *Herter*, 9 N. Y., 241; *Delaplaine* v. *Hitchcock*, 4 Edw. Chy., 321.) The evi-

dence and findings of the judge established that the holder of the judgment, Henry Hurd, did extend the time of payment of the judgment until default was made in the payment of the notes. The non-assent of McNulty was proven sufficiently. The transaction took place in his absence, and the declaration made by Tong that all the sureties assented to the arrangement and would make the notes is not proof of assent by McNulty. It is not proof of fraud even. After waiting for McNulty and Thompson, Hurd took the notes and gave the extension, upon the assertion by his lawyer that the notes were only collateral, and that the absent and non-assenting sureties would still be liable if the notes were not paid.

The plaintiff seems also to be entitled to the relief she asks for, upon the ground that her husband was surety, and that by the recovery of the judgment he became surety to a joint obligation, and by the death of his surety that his estate became released at law and in equity. There is no case applying this principle to a joint and several obligation. The bond for the jail limits was joint and several. In *United States* v. *Price* (9 How., 92) the Supreme Court of the United States held that a judgment recovered upon a joint and several obligation was an election to consider the obligation joint, and that the death of a surety after judgment released his estate from its payment. This case is cited approvingly by the Court of Appeals in *Risley* v. *Brown* (67 N. Y., 160) and in *Hauck* v. *Craighead* (id., 432). It is not necessary to determine this question upon this appeal, if the view we have taken of the effect of the extension of time is correct

Judgment affirmed, with costs.

GILBERT and DYKMAN, JJ., concurred.

Judgment affirmed, with costs.