COURTLANDT P. DIXON

v

AALT VANDENBERG et al.

Where the remedy at law against the executors and devisees of a deceased surety on a bond is adequate, equity will, of course, not interfere; and even if there were no remedy at law, equity would not, in the absence of fraud, accident or mistake, give one against the representatives of the deceased surety.

Bill for relief.   On final hearing on pleadings and proofs.

*Mr. R. Wayne Parker*, for complainant.

*Mr. J. W. Griggs*, for defendants.

THE CHANCELLOR.

This suit is brought by the assignee of a bond for $2,450, payable in four years, with interest, given by Aalt Vandenberg and Cornelius Van Winkle, May 4th, 1869, to Jacob J. Allen. Vandenberg and his wife gave a mortgage on the property of the former to secure the payment of the bond.   The bond and mortgage were assigned by Allen, March 12th, 1874, by deed of assignment with guaranty, to Elias A. Wilkinson.   Van Winkle died June 9th, 1873, leaving a will, of which Simon Peter Van Winkle and Socrates Tuttle are the executors.   Vandenburg sold and conveyed the property to Albert M. Bigelow, taking from him a mortgage to secure part of the price, and the latter assumed the payment of the mortgage to Allen, before mentioned.   After Van Winkle's death, Wilkinson began a suit for foreclosure of the mortgage in this court, to which he made the executors of Van. Winkle parties, praying a decree for deficiency against them.   They answered, setting up the fact that their testator was only a surety on the bond, and denying their liability to pay deficiency until after recourse should have been

had, first to Bigelow and then to Vandenberg. In consideration that the complainant in that suit would abandon all claim against them for deficiency therein, they consented to an order of reference and a final decree for sale of the mortgaged premises, which were made and entered accordingly, and no decree for deficiency taken against them. The final decree directed that the premises be sold to pay, first to Wilkinson the amount due on the Allen mortgage, with interest and costs, and next to Vandenburg the amount due on his mortgage, with interest and costs. The property was advertised for sale by the master, to whom the execution was directed and delivered, and in March, 1875, Bigelow, in order to prevent the sale, borrowed $2,200 of Courtlandt P. Dixon, the complainant in this suit, to be secured by an assignment of Wilkinson's interest in the decree for foreclosure, and borrowed also of Vandenberg $350 on his own note, and with those moneys paid to the master the amount due Wilkinson, and the master, with Vandenberg's consent, returned the execution (by mistake endorsing on it a certificate that the Wilkinson claim was satisfied), without further proceedings thereon. Wilkinson, by deed of assignment, assigned the decree to Dixon. Subsequently, the latter caused the property to be sold under the execution, and it brought only $200, or thereabouts. He then, by petition, obtained an amendment of the master's return, by striking out the statement that the Wilkinson claim had been satisfied. Subsequently he filed this bill. It alleges that Vandenberg is insolvent, and that Bigelow has been adjudged a bankrupt, and that Van Winkle left an estate sufficient to pay the deficiency, and prays a decree establishing the liability of Allen and the executors, heirs and devisees of Van Winkle, to pay the money due on the bond and the costs of this suit. The bill is filed to enforce an alleged liability, which it avers is not enforceable at law. But, though the bond in question is joint and not several in its terms, the statute provides for the bringing of suit against the executors in the same manner as it might have been brought if the obligation had been several as well as joint. *Rev. p. 742.* The complainant, therefore, is not compelled to come into equity in order

to reach Van Winkle's executors. And, as to his devisees, the statute gives an action at law against them. *Rev. p. 176.* If it were not so, if the complainant had no action against the executors or against the devisees, equity would not, especially under the circumstances of this case, aid him in obtaining payment from them of the money due on the bond. For if there is no remedy at law against the representatives of the deceased surety, equity, in the absence of fraud, accident or mistake, will give none. *Brandt on Suretyship* § *117; United States* v. *Price, 9 How. 83; Risley* v. *Brown, 67 N. Y. 160.* And it makes no difference whether the creditor knew when he took the instrument that the deceased was not a principal, but a mere surety; for the application to equity to extend the liability of the obligor, is based on the consideration that both of the obligors participated in the consideration, from which a presumption arises that the parties intended that the obligation should be joint as well as several, but through fraud or mistake it was made joint only. The presumption, however, does not arise in the case of a mere surety, whose duty is measured alone by the legal force of the bond, and who is under no moral obligation to pay the obligee independently of his covenant. *Pickersgill* v. *Lahens, 15 Wall. 140.* The bill will be dismissed, with costs.