In the Matter of the Judicial Settlement of the Accounts of WILLIAM E. EDMONDS, as Administrator, etc., of MARIA EDMONDS, Deceased.

WILLIAM E. EDMONDS, as Administrator, etc., of MARIA EDMONDS, Deceased, Appellant; SARAH A. EDMONDS and CYRENA E. FAIRCHILD, Respondents.

*Claim against a decedent's estate — power of the surrogate to decide that it was liquidated by lapse of time after its presentation — his power to try a disputed claim.*

Where a claim against an estate is presented to the administrator in August, 1895, and in November, 1896, after the claimant has instituted a proceeding to compel the administrator to account, the latter notifies the claimant's counsel that he disputes and rejects the claim, and states in his account, filed in compliance with the order of the surrogate, that the claim in question was disputed and

rejected by him, it is improper for the surrogate to allow and direct payment of the claim upon the ground that it had become liquidated by lapse of time.

Under sections 1822 and 2743 of the Code of Civil Procedure, as amended in 1895, a surrogate has power to try a disputed claim if the parties consent thereto.

APPEAL by William E. Edmonds, as administrator, etc., of Maria Edmonds, deceased, from a decree of the Surrogate's Court of the county of Livingston, entered in said Surrogate's Court on the 22d day of March, 1897, settling the accounts of the administrator of the estate of Maria Edmonds, deceased, and directing a distribution of the moneys remaining in the hands of such administrator, and also from an order entered in said Surrogate's Court on the 7th day of December, 1896, upon the filing of the answer of William E. Edmonds to the petition and proceedings for the accounting, and upon which the said decree was founded.

*William E. Edmonds*, for the appellant.

*George W. Atwell, Jr.*, for the respondents.

WILLIAMS, J. :

The only question raised by this appeal relates to a claim of $1,872 against the estate presented by the contestant, Sarah A. Edmonds. This claim was presented to the administrator in August, 1895. The administrator insisted that he soon after rejected the claim, while the contestant denied that she received any notice of such rejection. In September, 1896, the contestant filed a petition for the final accounting of the administrator, to the end that she might secure payment of her claim. The surrogate in November ordered the administrator to render and file an account. The administrator, in compliance with that order, made and filed his account, wherein, among other things, he stated that the claim in question was disputed and rejected by him. The contestant filed objections to this account, stating, among other things, that the claim had never been disputed or rejected by the administrator, but had remained undisputed and become liquidated as a debt against the estate and should be paid. Thereupon in December, 1896, the surrogate appointed a referee to examine the account and hear and determine the questions arising upon its settlement. The referee heard the matter and

reported to the surrogate, among other things, that soon after the claim was presented to the administrator he wrote and sent a letter to the contestant, indicating that he would not allow or pay the claim, but this letter was not received by the contestant; that after the proceedings for the accounting had been commenced, and in November, 1896, the administrator notified the counsel for the contestant that the claim was disputed and rejected by him; that the claim was not rejected or disputed, within the meaning of the statute, until more than fourteen months had elapsed since it was presented; that the claim had then become liquidated, adjusted and allowed by lapse of time and the silence and acts of the administrator, and should be paid so far as the moneys applicable to the payment of debts would pay the same. Exceptions were duly taken by the administrator to these findings of the referee.

Thereupon the surrogate made and entered the decree appealed from, among other things, allowing the claim and directing it to be paid so far as there were moneys applicable thereto.

The surrogate erred in allowing and directing payment of this claim. The administrator, after these proceedings were commenced in November, 1896, and again in rendering his account, certainly disputed and rejected the claim, whether he did so in 1895 when the claim was presented to him or not. This was a sufficient dispute and rejection to prevent the claim being regarded as liquidated or adjusted. (*Schutz* v. *Morette*, 146 N. Y. 137; *Matter of Callahan*, 152 id. 320.)

The claim having been so disputed and rejected, the surrogate had no power or jurisdiction to try or allow such claim unless consented to by the parties. (Code Civ. Proc. §§ 1822, 2743, as amd. in 1895.)

Prior to the amendments of these sections in 1895, the surrogate could not try a disputed claim at all. (*Matter of Callahan, supra;* *McNulty* v. *Hurd*, 72 N. Y. 518.)

Since these amendments were made he can try such claims only by the consent of the parties.

The decree of the surrogate appealed from must, therefore, be reversed, with costs to the appellant, and the case remitted to the Surrogate's Court with directions to resettle the account in accordance with the views herein expressed, or to suspend the entry of

the decree until the questions arising upon the claim are settled by a competent tribunal.

All concurred.

Decree of the Surrogate's Court reversed, with costs to the appellant, and the case remitted to that court with directions to resettle the account of the administrator in accordance with the views expressed in the opinion of this court, or to suspend the entry of the decree until the questions arising upon the claim are settled by a competent tribunal.