Where a judgment is presented as a claim against an intestate's estate, it is for the surrogate to determine to whom the judgment is payable, and whether it has in fact been paid.

3. JUDGMENT—PAYMENT.

Where the assignee of a deficiency judgment recovered on foreclosure receives payment from a grantee of the mortgagor who had assumed the payment, and satisfies it, he cannot again recover the amount from the estate of the grantor, since deceased, who was a judgment debtor in the deficiency judgment, where the assignee knew of such assumption.

4. JOINT OBLIGATION—COMPROMISE.

Where a grantee assumes a mortgage, and on foreclosure pays the deficiency judgment, he cannot enforce the same, as against the estate of the mortgagor, as a compromise of a joint obligation, under Code Civ. Proc. §§ 1942–1944, as the obligation is not joint.

In the matter of the judicial settlement of the account of Anna C. Browne as administratrix of Robert W. Browne, deceased. Decree rendered.

James Demarest, for administratrix.
Walter F. Lewis, for claimant, Drummond.
Isaac P. Hubbard, special guardian.

ABBOTT, S. This court has already decided that a judgment recorded against an intestate in his lifetime is not a claim which may be rejected and referred, within the contemplation of sections 1822 and 2718 of the Code of Civil Procedure. It is a debt the validity of which has been established by a "court of competent jurisdiction." Section 2743; McNulty v. Hurd, 72 N. Y. 518. The validity of the debt having been established, it is the duty of this court to determine "to whom it is payable, the sum to be paid by reason thereof and all other questions concerning the same." Section 2743. Among the questions which may be so determined is whether or not payments have been made on account of the judgment, and the balance remaining due thereon, if any. McNulty v. Hurd, supra.

Only questions of law are presented. The facts are undisputed. Prior to June 28, 1869, one William Prodgers and wife executed to the Equitable Life Assurance Society a bond and mortgage to secure the payment of the principal sum of $5,000. On June 28, 1869, they conveyed the mortgaged premises to one Alice Hawkins, subject to said mortgage, which she assumed and agreed to pay. On May 3, 1872, Alice Hawkins conveyed the premises to Edward L. Beatty, who also assumed the mortgage and agreed to pay it. On July 1, 1872, Beatty conveyed to Catherine L. Bukman, who likewise assumed the mortgage. On August 27, 1872, Bukman conveyed to the intestate, Robert W. Browne, subject to the mortgage, which he also assumed and agreed to pay. On October 2, 1875, Robert W. Browne conveyed the premises to Emma L. Bostwick, subject to the mortgage, which she assumed and agreed to pay. The mortgage was foreclosed by the Equitable Life Assurance Society. Upon the sale under the foreclosure decree there was a deficiency of $764.72, and a judgment therefor was docketed on October 8, 1881, against all of the above-named persons, including Robert W. Browne, the intestate. The deficiency judgment was assigned by the plaintiff in the foreclosure action to one Dexter, and by him to the claimant, Robert W. Drummond, on June 24, 1882. On July 29, 1882, a satisfaction piece duly executed by said Drummond was filed in the office of the clerk of the county of Kings, wherein satisfaction was acknowledged between said Drummond and Emma L. Bostwick for the sum of $764.72; judgment entered in said county on January 25, 1882. After the commencement of this accounting proceeding, and before the return day of the citation, the claimant, Drummond, filed with the administratrix a claim for the amount of said judgment with interest. Upon these facts, I am of the opinion that the judgment has been paid.

The principal contention of counsel for the claimant is that the satisfaction of the judgment as to Emma L. Bostwick constituted

a compromise of a joint obligation, under the provisions of the Code of Civil Procedure (sections 1942–1944). The difficulty with the contention is that the obligation is not a joint obligation, and the provisions cited have no application. The law is now settled that when an owner of real property, personally liable on a bond secured by mortgage on the property, conveys to another subject to the mortgage, and the grantee assumes and agrees to pay it, the relation of principal and surety is immediately established as between the grantor and grantee. The mutual rights of the persons holding such relation must be respected by all persons having knowledge of its existence. Marshall v. Davies, 78 N. Y. 414, 421. The claimant is clearly chargeable with such knowledge. The very judgment roll, under which he claims specifically, sets forth the facts which create the relation of principal and surety as between Emma L. Bostwick and the intestate. By the satisfaction piece of July 28, 1882, the claimant acknowledged satisfaction of the judgment in question as between him and Emma L. Bostwick, the principal debtor, for the sum of $764.72, its full amount. As against the intestate and the accounting administrator, this declaration is conclusive, and I accordingly find that the judgment has been paid.

The conclusion reached by me might well have been based on another ground, except for the limitation placed on the jurisdiction of this court in McNulty v. Hurd, supra. The satisfaction of the judgment against Emma L. Bostwick clearly operated to release her as principal debtor from the liability on the judgment, so as to deprive the intestate as surety of any right of subrogation on payment of the judgment by him. Under familiar and elementary rules of law, such release of the principal debtor operated also to discharge the surety. The fact that the debt had been reduced to judgment does not affect this principle. Bangs v. Strong, 7 Hill, 250, 42 Am. Dec. 64; Id., 4 N. Y. 315, 323; Alden v. Clark, 11 How. Prac. 209. McNulty v. Hurd, supra, intimates, however, that relief under this head must be sought by the administrator by suit in equity. For this reason I base my conclusion upon the finding of fact that the judgment has been paid. Such taxable costs as have been occasioned by the presentation of this claim should be charged personally against the claimant. Let decree be presented in accordance with the views hereinabove expressed.

Decreed accordingly.