Where a disputed claim against an estate is referred by consent to a surrogate on the judicial settlement of the executor's account, the surrogate can inquire into the payments made upon the claim, and determine the amount due, and the person entitled to it.

In the matter of the judicial settlement of Anna C. Browne, administratrix of Robert W. Browne.  Decree rendered.

James Demarest, for administratrix.
Walter F. Lewis, for claimant, Drummond.
Isaac P. Hubbard, special guardian.

ABBOTT, S.  It was held in McNulty v. Hurd, 72 N. Y. 518–521, "that the surrogate may inquire into and pass upon payments made to apply upon such judgments, and determine the amounts due thereon.  He may also determine who is the owner of the judgment and entitled to the money.  This power is necessary to enable the surrogate to make the decree.  * * *  Beyond this, the surrogate has no jurisdiction to try and determine questions in respect to the validity of judgments."  I do not think this rule has been changed in any way by the amendment to section 1822 of the Code, providing for the hearing and determination of a claim upon a judicial settlement of an account upon the written consent of the respective parties.  Section 2743 of the Code provides:

"Where the validity of the debt, claim or distributive share is admitted or has been established upon the accounting or other proceeding in the surrogate's court or other court of competent jurisdiction, the decree must determine to whom it is payable, the sum to be paid by reason thereof and all other questions concerning the same."

The validity of the assignments of this claim has not been attacked in this proceeding, but, should they be, of course this court would be ousted of jurisdiction.  In re Randall, 152 N. Y. 517, 46 N. E. 945.  I shall hold, therefore, that the claimant may proceed with his proofs to the extent indicated in McNulty v. Hurd, supra, and the matter may be restored to the calendar for that purpose.

Decreed accordingly.