Matter of the Judicial Settlement of the Account of ANNA C. BROWNE, as Administratrix, etc., of ROBERT W. BROWNE, Deceased.

(Surrogate's Court, Kings County, June, 1901.)

Judgment — Status of one recovered in the lifetime of an intestate — Principal and surety — Joint debtors — Code C. P., §§ 1822, 2718; 1942–1944.

A judgment docketed against an intestate in his lifetime cannot be rejected and referred under the statute as it is a debt which has been established by a court of competent jurisdiction.

In such case the surrogate must determine to whom the judgment is payable, the sum to be paid, and, among other things whether it has been paid.

The relation of principal and surety exists between an owner of real property, personally liable on a bond secured by mortgage upon the property, and his grantee who assumes payment of the mortgage, and consequently where the assignee of a deficiency judgment recovered upon the foreclosure of the mortgage is paid that judgment by such a grantee and satisfies it, the assignee cannot again recover its amount of the grantor, since deceased and a judgment-debtor in the same judgment, provided the said assignee had notice of the existence of the relation of principal and surety.

Such a satisfaction is not a compromise of a joint obligation within Code C. P., §§ 1942–1944, as the obligation is not joint.

PROCEEDINGS upon the judicial settlement of the accounts of an administratrix.

James Demarest, for administratrix.

Walter F. Lewis, for claimant Drummond.

Isaac P. Hubbard, special guardian.

ABBOTT, S.   This court has already decided that a judgment recorded against an intestate in his lifetime is not a claim which may be rejected and referred within the contemplation of sections 1822 and 2718 of the Code of Civil Procedure. It is a debt . the validity of which has been established by a "court of competent jurisdiction". § 2743; McNulty v. Hurd, 72 N. Y. 518. The validity of the debt having been established, it is the duty of this court to determine " to whom it is payable, the sum to be paid by reason thereof and all other questions concerning the same." § 2743.

Among the questions which may be so determined is whether or not payments have been made on account of the judgment and the balance remaining due thereon, if any. McNulty v. Hurd, *supra.*

Only questions of law are presented; the facts are undisputed. Prior to June 28, 1869, one William Prodgers and wife exe-

Surrogate's Court, Kings County, June, 1901.    [Vol. 35.

cuted to the Equitable Life Assurance Society a bond and mortgage to secure the payment of the principal sum of $5,000. On June 28, 1869, they conveyed the mortgaged premises to one Alice Hawkins, subject to said mortgage, which she assumed and agreed to pay. On May 3, 1872, Alice Hawkins conveyed the premises to Edward L. Beatty, who also assumed the mortgage and agreed to pay it. On July 1, 1872, Beatty conveyed to Catherine L. Bukman, who likewise assumed the mortgage. On August 27, 1872, Bukman conveyed to the intestate, Robert W. Browne, subject to the mortgage, which he also assumed and agreed to pay. On October 2, 1875, Robert W. Browne conveyed the premises to Emma L. Bostwick, subject to the mortgage, which she assumed and agreed to pay. The mortgage was foreclosed by the Equitable Life Assurance Society. Upon the sale under the foreclosure decree there was a deficiency of $764.72, and a judgment therefor was docketed on October 8, 1881, against all of the above-named persons, including Robert W. Browne, the intestate. The deficiency judgment was assigned by the plaintiff in the foreclosure action to one Dexter, and by him to the claimant, Robert W. Drummond, on June 24, 1882. On July 29, 1882, a satisfaction piece duly executed by said Drummond was filed in the office of the clerk of the county of Kings, wherein satisfaction was acknowledged between said Drummond and Emma L. Bostwick for the sum of $764.72; judgment entered in said county on January 25, 1882. After the commencement of this accounting proceeding, and before the return day of the citation, the claimant Drummond filed with the administratrix a claim for the amount of said judgment with interest. Upon these facts I am of the opinion that the judgment has been paid.

The principal contention of counsel for the claimant is that the satisfaction of the judgment as to Emma L. Bostwick constituted a compromise of a joint obligation under the provisions of the Code of Civil Procedure, §§ 1942–1944. The difficulty with the contention is that the obligation is not a joint obligation, and the provisions cited have no application.

The law is now settled that when an owner of real property, personally liable on a bond secured by mortgage on the property, conveys to another subject to the mortgage, and the grantee assumes and agrees to pay it, the relation of principal and surety

is immediately established as between the grantor and grantee. The mutual rights of the persons holding such relation must be respected by all persons having knowledge of its existence. Marshall v. Davies, 78 N. Y. 414, 421.

The claimant is clearly chargeable with such knowledge. The very judgment-roll, under which he claims specifically, sets forth the facts which create the relation of principal and surety as between Emma L. Bostwick and the intestate.

By the satisfaction piece of July 28, 1882, the claimant acknowledged satisfaction of the judgment in question as between him and Emma L. Bostwick, the principal debtor, for the sum of $764.72, its full amount. As against the intestate and the accounting administrator, this declaration is conclusive, and I accordingly find that the judgment has been paid.

The conclusion reached by me might well have been based on another ground except for the limitation placed on the jurisdiction of this court in McNulty v. Hurd, *supra*. The satisfaction of the judgment against Emma L. Bostwick clearly operated to release her as principal debtor from the liability on the judgment so as to deprive the intestate as surety of any right of subrogation on payment of the judgment by him. Under familiar and elementary rules of law, such release of the principal debtor operated also to discharge the surety. The fact that the debt had been reduced to judgment does not affect this principle. Bangs v. Strong, 7 Hill, 250; 4 N. Y. 315, 323; Alden v. Clark, 11 How. Pr. 209.

McNulty v. Hurd, *supra*, intimates, however, that relief under this head must be sought by the administrator by suit in equity. For this reason I base my conclusion upon the finding of fact that the judgment has been paid. Such taxable costs as have been occasioned by the presentation of this claim should be charged personally against the claimant.

Let decree be presented in accordance with the views hereinabove expressed.

Decreed accordingly.