In order to give a surrogate jurisdiction to hear a disputed claim on a judicial settlement, a consent in writing must be filed, under Code Civ. Proc. §§ 1822, 2743, and where no such consent is filed a referee to whom the account has been sent has no power to allow the claim.

In the matter of the estate of Margaret Kirby, deceased. Proceedings on the judicial settlement of the accounts of the executors. Catharine V. S. Van Vleck, as claimant and legatee of testatrix, her sister, had filed a claim for the care and custody of Spencer Kirby, an incompetent, and legatee of testatrix and nephew of the plaintiff. Francis E. Laimbeer made a claim as executor of such claim. Heard on exceptions to referee's report. Exceptions sustained.

Thomas J. Sanson (Henry H. Man, of counsel), for accounting parties.

Frank Moss, for executor of Catharine V. S. Van Vleck, deceased.

THOMAS, S. The testatrix appointed James V. Kirby and George D. Hilliard executors of her will. Letters testamentary

were first issued to James V. Kirby, and he acted as sole executor until his death. Thereafter George D. Hilliard qualified and acted as executor until his death. Emma F. Kirby was thereupon appointed administratrix with the will annexed. The accounting now had is by the executrix of the deceased executor James V. Kirby, the executor of the deceased executor George D. Hilliard, and the administratrix with the will annexed of the testatrix. Various objections were made to the account, all of which were withdrawn except the "second," which was to certain items of payments, all made while James V. Kirby was executor, which it is claimed were not paid out of the estate of the decedent, but by Catharine V. S. Van Vleck, in whose right her executor files the objections, and by the terms of the objections a claim against the estate of the decedent is asserted for the aggregate of these payments. As to this objection, the attorney for the accountants concedes that it is good to the extent that they are not entitled to credit for the specified payments, and consents that they be struck from the account, but he does not agree that the claim of the executor of Catharine V. S. Van Vleck against the estate be allowed, and he opposes such allowance. It therefore appears that the accounts are in all respects audited and approved by the parties, and that the amounts of charges against the accountants and of the credits to be made to them have been determined by consent. The only remaining controversy concerns the claim against the estate of the decedent made by the executor of Catharine V. S. Van Vleck, which claim is disputed. No consent in writing such as is required by the statute in order to justify the determination of this disputed claim by the surrogate has been filed (Code Civ. Proc. §§ 1822, 2743), and the referee was therefore without power to allow it. Notwithstanding the expressed wish of counsel for all parties, made orally upon the argument, that I should pass upon the merits of this claim, either party could take another position upon appeal, and defeat any decree upon the merits that I might render. Tucker v. Tucker, 43 N. Y. 136; Matter of Edmonds, 47 App. Div. 229, 231, 62 N. Y. Supp. 652. I must therefore refuse to make any adjudication upon the merits of the claim. The exceptions to the referee's report must be sustained. Submit decree on notice.

Exceptions sustained.