### In re BRONSON'S ESTATE.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

1. EXECUTOR—EQUITY POWERS OF SURROGATE COURT—SPECIFIC PERFORMANCE.
    A claim consisting of a judgment recovered against a testatrix in her lifetime was presented against her estate, and, on the objection of the executor that the testatrix had never been served with summons, a decree was withheld pending an action in the supreme court thereon. Pending such action, the executor and creditor made an agreement for a settlement. On proof of such agreement, and refusal to perform by the executor, the surrogate court ordered a performance by the payment of money. Held, that the order was void, the same being an order for the specific performance of a contract, which is without the power of the surrogate's court, and not an order for the payment of the judgment.

2. EXECUTOR'S AGREEMENT OR COMPROMISE.
    Where an executor made a written agreement to pay $500 in consideration of the discharge of a judgment of $1,200 against his testatrix, which agreement was presented to the surrogate court with demand for performance, the agreement will not be deemed a compromise, within Laws 1893, c. 100, providing that executors may be authorized by the surrogate, on application and good and sufficient cause shown therefor, and on such terms as such surrogate or officer shall approve, to compromise or compound any debt or claim owing by the estate of their testator.

Appeal from surrogate's court, Kings county.
Judicial settlement of the estate of Elizabeth M. Bronson, deceased. From an order directing the payment of a certain sum in satisfaction of a judgment obtained against the testatrix in her lifetime, Wilbur F. Tredwell, individually and as executor, appeals. Reversed.
Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Horace Graves, for appellant.
R. O. Catlin, for respondent.

JENKS, J. When the judgment creditor of the testatrix petitioned the surrogate's court for a decree that his judgment be paid, and the executor resisted upon the ground, inter alia, that she who was his testatrix had never been served with the summons in the action, the learned surrogate adjourned the proceeding, pending an application by the executor to the supreme court for relief from the judgment. Thereupon an application was made to the special term

of the supreme court, which entered an order of reference towards the determination of the question of the service of the summons. Before any further proceedings were had in the supreme court, the petitioner and the executor agreed in writing that the petitioner would release the estate from all liability on the judgment, would execute an assignment thereof to the executor and against the surviving partner of the testatrix, and would discontinue an action pending in the supreme court against the executor, all in consideration of the payment of $500 by the executor. Thereafter, upon proof of such agreement, and allegation of tender of performance on the part of the petitioner, and of a refusal to perform on the part of the executor, the learned surrogate's court made an order which, in effect, directed the performance of this agreement. I think that the order should be reversed. The surrogate's court may decree the payment of a judgment against a testatrix or an intestate, though despited or rejected by an executor or administrator. But it has no power to adjudicate upon the validity of a judgment upon equitable grounds. McNulty v. Hurd, 72 N. Y. 518; In·re Randall, 152 N. Y. 508, 46 N. E. 945. It therefore had no power in this case to determine whether there was a valid judgment by due process of law against the testatrix. Very properly the surrogate's court withheld decision upon the petition until the question raised by the executor could be settled by the supreme court. When the petitioner renewed his application he did not seek the payment of a judgment, but the specific performance of a contract made by the executor. We cannot assume that the learned surrogate's court, after it decided to hold the original application in abeyance until the question of the validity of the judgment could be determined in the supreme court, and while that question was pending therein, made the order in question upon the theory that it was a decree for the payment of the judgment. Indeed, the order recites that "an agreement had been entered into between the said executor and the said James F. Higgins respecting the aforesaid judgment." A surrogate's court has no jurisdiction to decree the specific performance of a contract by an executor.

Nor do I think that this order can be affirmed upon the theory that the action of the executor in making the written agreement was a compromise pursuant to the authority of chapter 100 of the Laws of 1893. While it is true that the executor outside of the court had agreed to a settlement of a "claim" of the plaintiff, yet we cannot say that he did not have a locus pœnitentiæ, or that the agreement when brought before the court by the petitioner was tantamount to the procedure contemplated by that statute.

The order should be reversed, without costs. All concur.