> Where a remainder is limited to the children of a life tenant or her appointees by will, and she has no child, the remainder is not personally subject to the transfer tax, as no transfer of the remainder has yet been made.

In the matter of the estate of Thomas C. Clarke.   Appeal from the report of an appraiser.   Appeal sustained.

Edward H. Fallows, for state comptroller.
George E. Mott, for executor.

THOMAS, S.   The interests of the children of the testator, to take effect in possession at the death of his widow, all became vested at the time of his death, and are presently taxable, under rules well settled prior to the recent decisions of the court of appeals in Re Vanderbilt's Estate (N. Y.) 64 N. E. 782; In re Vinot, 26 N. Y. St. Rep. 610, 7 N. Y. Supp. 517; In re Lange's Estate (Sur.) 55 N. Y. Supp. 750.   The only interest which may not yet have vested, or which is subject to any contingency, is the remainder interest of the portion set apart for Mrs. Withers after her death, as to which the persons who are to become entitled are to be her issue,—not shown to be in existence,— or persons appointed by her in her last will.   If Mrs. Withers is now without children, this remainder interest is not now taxable, since no transfer, defeasible or otherwise, has yet been made.   But if any child of Mrs. Withers is now in existence, such child is now vested, under the rules laid down in the Vanderbilt Case, with an estate in such remainder, subject to be devested by his death prior to his mother, and also subject to open and let in after-born children, and the tax can now be imposed.   The appeal is sustained, and the matter will be remitted to the appraiser to determine the values of the remainder interests to take effect in possession on the death of the widow.

Appeal sustained, and matter remitted to appraiser.

---

(39 Misc. Rep. 74.)

### In re WAIT'S ESTATE.

(Surrogate's Court, Rensselaer County.   October, 1902.)

1. CLAIMS AGAINST DECEDENT'S ESTATE—JUDGMENT IN FAVOR OF WIDOW.

> A widow presented as a claim against the estate of her deceased husband a decree rendered 20 years previous thereto, directing him, as executor of her father's estate, to pay her a certain sum.   The administrator of the husband contested the claim on other grounds than that of payment.   Held, that the claim would not be dismissed, as it was established by a judgment, but the surrogate court, under Code Civ. Proc. § 2743, will determine, so far as it has jurisdiction, to whom the judgment was payable, the sum to be paid, and all other questions concerning the same,

after the administrator has had 60 days within which to attack the decree in some court of competent jurisdiction.

In the matter of the settlement of the estate of Josiah A. Wait, deceased. Decree rendered.

F. A. Chew and A. C. Comstock, for claimant.

Shaw, Bailey & Murphy and C. E. Patterson, for administrator.

HEATON, S. A decree of this court made November 15, 1883, in favor of Sarah M. Wait, widow of J. A. Wait, directing her husband, as executor of her father's estate, to pay over to her certain money, is presented as a claim against the estate of J. A. Wait on the final accounting. The administrator rejects the claim, and refuses to refer it, or consent that it may be determined by the surrogate, and files a verified answer, which he claims raises issues which this court has no jurisdiction to try.

Has the surrogate jurisdiction to try the issues? The decree presented is, in effect, a judgment, since it is a final determination of the rights of the parties. A judgment is not such a claim as can be rejected and referred within the contemplation of sections 1822 and 2718 of the Code, any more than can a judgment against the administrator. In that sense it is final and conclusive, and it only remains for this court to determine, so far as it has jurisdiction, to whom the judgment is payable, the sum to be paid by reason thereof, and all other questions concerning the same. Code Civ. Proc. § 2743; McNulty v. Hurd, 72 N. Y. 521; In re Browne, 35 Misc. Rep. 362, 71 N. Y. Supp. 1034. The judgment or decree stands as a judicial settlement of the rights of the parties at its date. Transactions may have been had between the parties subsequent to the entry of the judgment or decree by reason of which the rights of the parties have been changed.

How far has the surrogate's court power to try issues raised by such subsequent acts? The allegations of the answer show an intention on the part of the administrator to raise other issues than that of simple payment. The general powers of a court of equity do not belong to a surrogate's court, and that court has not such powers in equity as enable it to step aside from its duty of distributing estates of deceased persons to ascertain and hear and determine what is tantamount to an action in equity. The surrogate may inquire into and pass upon payments made to apply upon such a judgment and determine the amount due thereon. He may also determine who is the owner of the judgment, and entitled to the money. Beyond this the surrogate has no jurisdiction to try and determine questions in respect to their validity. There may be grounds for relief by reason of accord and satisfaction or set-off and the like, or the estate may be entitled in equity to a release or discharge, whether in whole or in part. As to all these there is no warrant in the statutes for the exercise of jurisdiction by the surrogate to adjudicate them. To affirm such power would open the door to a wide field of jurisdiction in law and equity by surrogates' courts, not contemplated by the statute, inconsistent with the limited powers conferred, and in some cases subversive of the

right of trial by jury.  McNulty v. Hurd, 72 N. Y. 518; In re Corbett, 90 Hun, 182, 35 N. Y. Supp. 945.  The statement in McNulty v. Hurd that a surrogate might determine who was the owner of the judgment undoubtedly referred to ascertaining the· legal or apparent title where there was no dispute; otherwise that conclusion would subvert the basis of the decision by opening the door to equitable jurisdiction which it sought to close.  In re Randall, 152 N. Y. 508, 46 N. E. 945.  So far as the allegations in the answer can be construed as setting up legal payment on the decree, the surrogate might have jurisdiction to hear and determine the same, but, if they can be construed as allegations of a debt existing in favor of the administrator and against Mrs. Wait, which debt, after being established in this proceeding, it is proposed to offset against any amount due upon the decree, this court is ousted of jurisdiction. In re Underhill, 117 N. Y. 471, 22 N. E. 1120.  Had the claims of the deceased been reduced to judgment, a set-off could not be decreed by the surrogate.  Stilwell v. Carpenter, 59 N. Y. 414.  In the Browne Case, 35 Misc. Rep. 362, 71 N. Y. Supp. 1034, the facts were conceded, and only a question of law was raised as to whether the judgment had been paid by reason of certain admitted facts.  It is clear, then, that this court cannot hear and determine defenses of every name and nature which the representatives of the estate ought to have litigated in order to properly protect the estate.  The claim, however, having been established by a court of competent jurisdiction, cannot be dismissed; neither ought payment thereof to be directed before the administrator has an opportunity to seek relief from the effect of such established claim in a proper tribunal.  Since there are other litigated claims in the courts against the Wait estate, there can be no decree of final settlement for some months. The administrator should resort to a court of competent jurisdiction for relief from this judgment, and begin such proceeding within 60 days, and no decree directing payment of such claim will be made in the meantime.  Should such administrator fail to institute such proceeding within 60 days, the amount due on such judgment may be determined within the limitations prescribed by law on any adjourned day of this accounting, upon 8 days' notice by claimant to such administrator.

Decreed accordingly.