In the Matter of the Claim of MARGARET E. CLARK, Appellant, v. THE ESTATE OF JOHN HYLAND, Deceased, Respondent.

*Surrogate's Court — it may decide disputed claims only on the judicial settlement of the accounts of the personal representatives of the estate of the deceased debtor.*

Under section 1822 and section 2743 of the Code of Civil Procedure, as amended in 1895, the surrogate has no power, even with the consent of the parties, to determine the validity of a disputed claim against a decedent's estate at any other time than on the "judicial settlement of the accounts" of the personal representatives, notwithstanding that section 2743 authorizes the decree to provide for the payment of a debt, the validity of which is established "upon the accounting or other proceeding in the Surrogate's Court."

APPEAL by the claimant, Margaret E. Clark, from a decree of the Surrogate's Court of the county of Livingston, entered in said Surrogate's Court on the 18th day of June, 1902, disallowing a claim filed by the appellant against the estate of John Hyland, deceased.

*Charles D. Newton* and *Charles W. Stevens,* for the appellant.

*Fletcher C. Peck* and *Sireno F. Adams,* for the respondent.

WILLIAMS, J. :

The decree should be reversed, with costs of this appeal.

The appellant held a note alleged to have been given her by deceased in his lifetime for $10,000, and made claim therein against the estate. The executors refused to allow the claim on the ground that it was not a genuine, but a forged, note. The claimant and the executors made and filed with the surrogate their written consent that the claim might be heard and determined by the surrogate upon the judicial settlement of the accounts of the executors pursuant to statute. There have never been any proceedings instituted for such judicial settlement, but the surrogate, nevertheless, has assumed jurisdiction to take the evidence and pass upon and disallow the claim. It is contended that the surrogate had no jurisdiction to try and determine the matter, and that the decree made by him was, therefore, unauthorized and void. Prior to the amendments, in 1895, of the provisions of the Code of Civil Procedure (§§ 1822, 2743) a surrogate had no jurisdiction to try or determine disputed claims against an estate (*McNulty* v. *Hurd,* 72 N. Y. 520 ; *Matter of Callahan,* 152 id. 320 ; *Matter of Edmonds,* 47 App. Div. 229), and the consent of the parties did not confer jurisdiction or estop a party from raising the question on appeal from the decision of the surrogate. (*Matter of Walker,* 136 N. Y. 20.)

Section 1822 of the Code provides for the limitations of actions by a creditor on a rejected claim. Prior to the amendment of 1895 the section provided, in effect, that the action must be commenced within six months after the rejection of the claim "unless the claim is referred, as prescribed by law." (Laws of 1882, chap. 399.) By the amendment in 1895 the words quoted, "unless," etc., were omitted, and there were inserted, in place thereof, the words "unless a written consent shall be filed by the respective parties

with the surrogate that said claim may be heard and determined by him upon the judicial settlement of the accounts of said executor or administrator, as provided by section twenty-seven hundred and forty three." (Laws of 1895, chap. 595.)

Section 2743 relates to the decree to be made upon a judicial settlement, and prior to the amendment of 1895 it provided, among other things, that " where the validity of a debt, claim or distributive share is not disputed or has been *established* the decree must determine to whom it is payable, the sum to be paid by reason thereof, and all other questions concerning the same." (Laws of 1880, chap. 178.) Under this language it was held that the surrogate had no jurisdiction to try and determine disputed claims against estates. The claims had to be *established* in some other tribunal than before the surrogate. By the amendment of 1895 the phraseology was changed and the following words were inserted after the word " established," " upon the accounting or other proceeding in the Surrogate's Court or other court of competent jurisdiction." (Laws of 1895, chap. 595.)

These amendments to these two sections were made by the same act, and should be considered together in determining what new jurisdiction was intended to be conferred upon the surrogate or his court in reference to the trial and determination of said disputed claims against estates. So considering the amendments, it is evident that it *was* intended to give the surrogate jurisdiction to try and determine such claims upon the judicial settlement of the accounts of the executor or administrator upon the written consent filed with him by the respective parties. What was intended by the words in the amendment of section 2743, " or other proceeding in the Surrogate's Court," it is difficult to say. We are not prepared to hold that the intention was to confer jurisdiction to try and determine such claims in any cases other than these referred to in section 1822, and those were " upon the judicial settlement," etc., only. If the intention was to confer jurisdiction to try and determine such claims generally, when consent of the parties was given, such intention would have been more clearly expressed, especially as it had been held that *no* jurisdiction to try and determine such claims existed at all prior to such amendments of 1895. Until then the policy of the law had been to withhold all

jurisdiction from the surrogate and his court to try and determine disputed claims against estates. And even the jurisdiction conferred by these amendments was carefully limited to the judicial accountings where all the parties interested in the estate were privileged to be present and to take part in the litigation, and even then to cases where the written consent by the parties to the exercise of such jurisdiction should be filed. Section 2472 of the Code was not changed in 1895 and, therefore, its provision can have no bearing upon the question here involved. In view of these suggestions it would seem that these amendments should be strictly construed and held to confer no new jurisdiction other than that clearly provided. We cannot, therefore, hold that the surrogate had jurisdiction to try and determine the disputed claim in question, even with the consent of the parties, at any other time than during the judicial settlement of the accounts of the executors of the estate. That settlement is a well-understood proceeding in Surrogates' Courts duly instituted, on notice to all parties interested in the estate, and no such proceeding has ever been commenced and none is now pending in reference to this estate.

We conclude, therefore, that the decree appealed from was erroneously made ; is void from want of jurisdiction and should be reversed, with costs of this appeal, and remitted to the Surrogate's Court for such further proceedings as may be proper. We refrain from considering or passing upon the merits of the controversy as to the disputed claim in question.

All concurred.

Decree of Surrogate's Court reversed, with costs to the appellant, and claim remitted to the Surrogate's Court for such further proceeding as may be proper.