THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE COUNTY OF SARATOGA and the BOARD OF SUPERVISORS OF THE COUNTY OF SARATOGA, N. Y., and the

Towns of Stillwater, Saratoga, Hadley, Malta, Halfmoon, Waterford, Moreau, Wilton, Northumberland, Clifton Park and Day, and the City of Mechanicville, Relators, v. The State Tax Commission of the State of New York, and Mark Graves and Others, Constituting the State Tax Commission, and the City of Saratoga Springs, and the Towns of Ballston, Charlton, Corinth, Galway and Milton, Respondents.— Certiorari to review the determination of the State Tax Commission on appeal to it, setting aside equalization tables made by the board of supervisors of Saratoga county; and establishing new equalization tables, for the years 1931 to 1935, inclusive. The appeal to the Commission was taken by the city of Saratoga Springs. Notice of the proceedings was given by the Commission to the appellant and to the clerk and attorney for the board of supervisors. It was stipulated that all the proceedings be heard together, and separate determinations be made for each year, and this was done. The assessments for all tax districts in the county were changed. Fifteen of the tax districts were adversely affected by the action of the Commission, but only six join in the petition in this proceeding. There is no proof in the record that any of the towns which join in the petition authorized this proceeding. The petitioners complain that they were not given formal notice of the appeal and the proceedings before the Commission; that they were thus deprived of their property without due process of law; that sections 177 and 177-a of the Tax Law are void; that, among other things, certain rules of the Commission, the determination, and the proceedings before the Commission were void. At the hearings the city of Saratoga Springs and the board of supervisors were represented by counsel. It was stipulated, among other things, that the Commission should select the parcels to be appraised, and that the Commission should not be precluded from using such evidence as was in its office, on its books, and gathered by its representatives. The Commission has wide latitude in securing information in the performance of its duties. The determination is confirmed. (See *People ex rel. Town of Bedford* v. *State Tax Comm.*, 243 App. Div. 656; affd., 268 N. Y. 524; *People ex rel. Town of Bedford* v. *State Tax Commission*, 228 id. 516; *People ex rel. Mayor* v. *McCarthy*, 102 id. 630, 640–644.) Determination unanimously confirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.