In the Matter of the CITY OF SARATOGA SPRINGS, Appellant, against BOARD OF SUPERVISORS OF THE COUNTY OF SARATOGA, Respondent.

Third Department, May 3, 1944.

*Sheridan P. Wait*, attorney for appellant.

*John W. Nichols*, attorney for respondent.

BLISS, J. The City of Saratoga Springs appealed to the State Department of Taxation and Finance acting as the State Board of Equalization from the equalization of assessments and correction of the assessment rolls of the several tax districts of the County of Saratoga by the Board of Supervisors for the years 1931 to 1935, inclusive. These appeals were sustained by the Department of Taxation and Finance which fixed new ratios of assessments to full value of real property and directed that certain sums be repaid to the City of Saratoga Springs by certain other tax districts in the county. The Department also certified to costs and expenses on these appeals in the sum of $3,000 for each year for the years 1931 to 1934, inclusive. Upon appeals to this court and the Court of Appeals (*People ex rel. County of Saratoga* v. *State Tax Comm.*, 251 App. Div. 915, affd. 276 N. Y. 529), these determinations were confirmed and costs amounting to $291 ordered paid to the City. The Board of Supervisors complied with the determinations of the State Department of Taxation and Finance insofar as the refund of taxes and interest thereon is concerned. It refused to pay interest on the costs and expenses allowed by the Tax Commission and on the costs taxed on the appeals to the courts. This proceeding was brought to compel the Board of Supervisors to provide for the payment of interest on these costs and the attorney of record for the city has now been substituted as the real party in interest. The Special Term denied the application on the ground that there was no statutory authority for the payment of such interest.

Section 178 of the Tax Law is the authority for the allowance by the Tax Commission of the costs and expenses in the equalization proceedings. It directs that the costs and expenses as certified by the Tax Commission shall be levied and collected from the county except the tax district whose appeal is sustained. This statute makes no provision for interest. Appellant argues that General Municipal Law, section 82, applies. This statute directs that if a final judgment for a sum of money is obtained against a county, the Board of Supervisors shall cause to be collected a sum sufficient to pay the judgment with the interest thereon. Section 177 of the Tax Law provides that the Commission's determination in an equalization proceeding shall have the same force and effect as an original equalization made by the Board of Supervisors. Such determination, however, is not a final judgment such as is referred to in section 82 of the General Municipal Law. It may not be enforced as a judgment. It is a final determination of an administrative agency only. Thus the provision contained in General Municipal Law, section 82, for the payment of interest on a judgment has no application to an allowance of costs made under Tax Law, section 178.

The order of the Special Term denied the application without prejudice as to the question of interest on the $291 costs in the Appellate Division and the Court of Appeals. It would appear that interest should be paid on those costs but not on the costs and expenses allowed by the State Tax Commission.

The order should be affirmed, without costs.

HILL, P. J. (dissenting). The Tax Commission acts in a judicial capacity in determining the expenses of counsel on an appeal. Webster defines the meaning of judgment in law: " The act of determining, as in courts, what is conformable to law and justice." In *People ex rel. Hallock* v. *Hennessy* (205 N. Y. 301) the nature of the determination made by assessors appointed under a statute to determine damages to a land owner caused by erection of a bridge was under discussion. The majority opinion states (p. 308): " An award in law means a judgment or finding upon a disputed matter submitted for decision. Even a mere estimate of damages is necessarily in the nature of a judicial act, for it requires the finding of a fact through the exercise of judgment upon evidence of some kind." In *McNulty* v. *Hurd* (72 N. Y. 518) at page 521 the following definition is given: " A judgment is an adjudication of the rights of the parties in respect to the claim involved." The

original matter was before this court (251 App. Div. 915). In July, 1937, we decided the matter by confirming the decision including the allowance for costs. Our decision was a judgment later reviewed and affirmed by the Court of Appeals (276 N. Y. 529).

The award of costs was a judicial act and the amount became a judgment within the purview of section 82 of the General Municipal Law.

The order should be reversed and the sum of $720 interest awarded to the appellant, with interest thereon from January, 1938, with costs.

HEFFERNAN, SCHENCK and BREWSTER, JJ., concur with BLISS, J.; HILL, P. J., dissents in an opinion.

Order affirmed, without costs.