Daniels and Lawrence, JJ., concurred.

Order reversed, with costs, and the motion denied, with costs.

## In the Matter of the Estate of SAMUEL LYMAN, Deceased.

*Executors and administrators — a judgment recovered against a person who subsequently dies is conclusive upon his administratrix — it is not barred because not sued within six months after it is disputed by the administratrix.*

A judgment was recovered against a person who subsequently died, the claim was presented to his administratrix, was by her disputed, and an offer was made by her to refer the claim, and thereafter the claimant took no action for over six months, and subsequently took proceedings to compel the administratrix to render an account.

*Held,* that the six months' limitation within which, under section 1822 of the Code of Civil Procedure, disputed claims must be sued had no application to the case of a judgment, that being a final adjudication between the parties to it.

That, upon the basis of the judgment, the judgment creditor might properly proceed to compel the administratrix to account.

APPEAL by Lydia A. Lyman, as administratrix of Samuel Lyman, deceased, from an order of the Surrogate's Court of the county of New York, entered in the office thereof on the 31st day of January, 1891, directing said administratrix to render and file an account of her proceedings.

*Sackett & Bennett,* for the administratrix, appellant.

*Miller & Wells,* for the Stuyvesant Safe Deposit Company, petitioner, respondent.

LAWRENCE, J.:

The Stuyvesant Safe Deposit Company alleges in its petition that the estate of the deceased is indebted to it on two certain judgments, recovered in the Court of Common Pleas of the city and county of New York, by one De Forrest Fox against the said Samuel Lyman, in his lifetime, and that the petitioner is the owner and holder of said judgments by virtue of assignments thereof, duly made by said Fox to said petitioner, and is a creditor of said deceased.

The answer to the petition is, that the administratrix, more than six months after letters of administration had been granted herein, under an order of the Surrogate's Court, duly advertised for claims once a week for the period of six months; that the proof of claim of the petitioner was presented to the administratrix, who disputed the same and gave notice thereof to the petitioner, which notice contained an offer to refer said claim under the statute; that said offer has not been accepted, and that more than six months have expired since said claim was disputed, and that said claimant has not commenced an action for the recovery of said claim, wherefore the administratrix claims that the claimant is barred from maintaining this action.

It is further alleged, as a separate defense, that Fox held certain collateral securities belonging to the decedent, from the sale of which he realized a very large sum of money, for which neither

he nor the petitioner has accounted, but which was applicable to the payment of said claim, if any existed. The surrogate ordered the administratrix to account.

It was held by the Court of Appeals, in *McNulty* v. *Hurd* (72 N. Y., 518), that a judgment against a deceased person, although disputed or rejected by his personal representatives, need not be sued over in order to authorize a decree for its payment by the surrogate. If this be so, it is difficult to see how the claim arising upon the judgment can be barred by the statute of limitations upon a refusal to refer.

In *McNulty's Case*, CHURCH, C. J., says : " We think that there is a distinction between judgments against the testator or intestate and other claims. A judgment is an adjudication of the rights of the parties in respect to the claim involved. It imports absolute verity. It cannot be disputed in the sense contemplated by the statute any more than a judgment against the administrators. In that sense it is final and conclusive. The statute recognizes a distinction by giving priority to judgments over each other according to date of recovery, and over other debts. (§ 27.) This right of priority might be interfered with, if a new judgment was necessary in case of dispute, and thus a right secured by statute might be seriously impaired or entirely destroyed by the construction claimed. We are of opinion, therefore, that a judgment against a deceased, even if disputed or rejected by executors or administrators, need not be sued over in order to authorize a decree for its payment by the surrogate."

It is doubtful whether the other matters set up by way of defense could be tried by the surrogate. (*Stilwell* v. *Carpenter*, 59 N. Y., 414 ; *McNulty* v. *Hurd*, 72 id., 518.)

Even if cognizance could be taken of them, an account between the parties would still be necessary.

We are of the opinion, therefore, that the order of the surrogate should be affirmed, with costs.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Order of surrogate affirmed, with costs.