(64 App. Div. 596.)

BURNHAM v. RAYMOND.

SAME v. MURKETT.

(Supreme Court, Appellate Division, Fourth Department. October 8, 1901.)

1. MECHANIC'S LIEN—FORECLOSURE—JUDGMENT—WRIT OF ASSISTANCE—APPEAL
—RECORD—SUFFICIENCY.

Where an order directing the enforcement of a writ of assistance does not show any papers to have been read on the motion therefor, and there is no stipulation by the attorneys, and the clerk's certificate does not state that the papers in the printed record were read or used on the hearing of the motion, the order will be reversed on appeal.

2. SAME—ASSIGNEE OF OWNER—PARTIES CONCLUDED.

The assignees of owners of property against which a mechanic's lien has been filed, whose assignments are subsequent in date to the filing of the lien, but prior to the commencement of an action to foreclose it, and who were not made parties to such action, cannot be bound by the judgment rendered therein, and an order directing the enforcement against such assignees of a writ of assistance issued on such judgment is improper.

Appeal from Chautauqua county court.

Action to foreclose a mechanic's lien by Hiram Burnham against Frank A. Raymond. From an order directing the enforcement of a writ of assistance issued on a judgment in favor of plaintiff against Elizabeth Raymond and John Murkett, the latter appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, and WILLIAMS, JJ.

Thomas H. Larkins, for appellants.

C. T. Chapman, for respondent.

WILLIAMS, J. The order appealed from must be reversed, with costs. It is unnecessary to specify all the objections to the order appealed from. It is sufficient to say:

1. That the order recites no papers as having been read on the motion. The certificate of the clerk does not state that the papers in the printed record were read or used on the motion, and there is no stipulation by the attorneys. We have, therefore, no means of telling upon what papers the county court based the order.

2. The appeal was presented to this court upon the assumption that the writ of assistance was issued upon a judgment in an action to foreclose a mechanic's lien upon a house, and to remove appellants from possession of the house and put respondent in possession thereof. And we gather from the papers printed in the record that this house was built by the respondent for one Frank A. Raymond upon lands owned by one Fisher (Raymond holding a lease of the land), with an agreement that the house should not become a part of the realty, but should be the personal property of Raymond; that Raymond did not pay respondent for building the house, and the respondent filed a mechanic's lien against the same on or about April, 1899; that Raymond's lease of the land expired May 15, 1899; that Fisher sold the land to one Wright, who leased the land to the appellant Mrs. Raymond from May 15, 1899, for one year; that Raymond sold the house to appellant Murkett, who paid for it and took a bill of sale thereof,

dated June 27, 1899, and filed it in the town clerk's office June 29, 1899, and Murkett made an agreement with Mrs. Raymond that the house might remain on the land until her lease expired, May 15, 1900; that the respondent June 29, 1899, commenced an action against Raymond to foreclose his lien, but did not make the appellants parties to such action. The rights or claims of the appellants in the house were therefore acquired before the commencement of the foreclosure action, and they could not have been foreclosed by the judgment in the action. The judgment is not in the record, and we cannot tell whether it assumed to foreclose them or not. It will not do to say that the appellants acquired their rights after the filing of the lien, and therefore could be foreclosed without having been made parties to the action. They had a right to be heard as to the validity of the lien, and their right to retain possession of the house, and no judgment could be properly made depriving them of their rights, or writ of assistance issued to remove them from the house under such judgment, until they had been made parties to the action, and had had an opportunity to be heard as to their rights. Their rights were acquired before the action was commenced, but, if they had been acquired later, it does not appear that any notice of the pendency of the action had been filed before such rights were acquired. The writ of assistance, as against the appellants, was improperly granted, and the order appealed from in aid of such writ cannot be sustained.

Order reversed, with $10 costs and disbursements, as upon one appeal, without prejudice to respondent's right to make another motion. All concur.