(121 App. Div. 262)

### VAN NOSTRAND et al. v. VAN NOSTRAND et al.

(Supreme Court, Appellate Division, Second Department. July 23, 1907.)

APPEAL—DISMISSAL—FAILURE TO SUBSTITUTE FOR DECEASED PARTY.

Under Code Civ. Proc. § 1297, providing that, where the adverse party has died since the making of the order appealed from, an appeal may be taken, but it cannot be heard till the heir, devisee, executor, or administrator, as the case requires, has been substituted as the respondent, the motion for substitution having been defeated, the appeal will be dismissed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3121.]

Hooker, J., dissenting.

Appeal from Special Term, Kings County.

Action by Gardiner Van Nostrand, individually and as one of the executors and trustees under the will of John J. Van Nostrand, deceased, and others, against Frances Stanton Van Nostrand and others. From part of an order, defendant Anabel Gardiner Van Nostrand appeals. Dismissed.

Argued before WOODWARD, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Henry Hirschberg, for appellant.
George R. Brewster, for respondents.

GAYNOR, J. This action was brought in 1889 to construe the will of John J. Van Nostrand. Judgment was entered May 8, 1889, and it and the findings were amended by Mr. Justice Cullen, the trial

judge, sitting as a court, by an order dated June 8, 1889, changing the word "children" to "legal heirs," to conform to the exact terms of the will, the word "children" having been used by inadvertence.

Nothing further was done in the action for nearly 18 years, viz., until January 22, 1907, when the defendant Anabel Gardiner Van Nostrand, this appellant, took an appeal from the said order. Meanwhile every one acquiesced, and the estate of the said testator had been administered in accordance with the said judgment and order, and the executors and trustees had followed the same; three of the four plaintiffs had died; the attorney for the plaintiffs had also died, and his papers in the action cannot be found; the guardian ad litem for three of the defendants, infants when the action was begun, had died, and his papers and those of his attorney in the action cannot be found; the other defendant, also then an infant, and represented by a guardian ad litem, and the attorney of the said guardian, a member of a firm, had also died, and their papers in the action cannot be found, and the said firm had been dissolved.

Another defendant, John J. Van Nostrand, grandson of the testator, to whom a share in trust was left by the said will, the principal to go to his "heirs," had also died in February, 1906. He left his mother, Louise B. Van Nostrand, his sole heir, and executor of his will, and letters were issued to her.

After taking such appeal on January 22, 1907, the appellant made a motion for the substitution of the said Louise B. Van Nostrand, as executor of the said John J. Van Nostrand, deceased grandchild, which substitution has to be made before the appeal can be heard (Code Civ. Proc. § 1297); but the motion was denied by the Special Term for laches. The appeal is now brought on without any revivor or substitution for the said deceased grandchild, notwithstanding the said code provision to the contrary. If the said order amending the judgment should be reversed (and it is from that that the appeal is), and the word "children" thereby restored to the judgment instead of the word "heirs," as the will reads, the property left in trust to such grandchild, with remainder so limited to his "children," would not go to his mother, his only heir, but to his collaterals, under the said will of his grandfather, of whom this appellant is one.

The appellant was about 25 years of age when she took this appeal on January 22, 1907. Her appeal, taken nearly 18 years after the order appealed from was entered, may have been still open to her if the time for it was not limited to 30 days by service of notice of entry of the order appealed from (Code Civ. Proc. § 1351); a thing difficult, if not impossible, to now establish after the lapse of so much time, and the deaths, and the losses of papers, which have occurred meanwhile. Nevertheless, as the said code section provides, the appeal cannot be heard unless the heir, devisee, executor or administrator of the deceased adverse party be substituted, and it will be noticed that all of the other parties are now adverse to the said mother of the said deceased party, for they, instead of her, get the share that was put in trust for him, if it does not go to his heir, i. e., his said mother. The court below denied the motion to substitute his said mother for

laches, and such a motion may be denied for laches. Shipman v. Long Island R. Co., 11 App. Div. 46, 39 N. Y. Supp. 498, 41 N. Y. Supp. 1131; Pringle v. Long Island R. Co., 157 N. Y. 100, 51 N. E. 435.

We cannot hear this appeal, or make any binding judgment herein, without such substitution being first made. We should therefore refuse to hear it.

Since the foregoing was written a motion has been made to dismiss the appeal, due proof of the service of the order appealed from, with notice of entry thereof, on the guardian ad litem of the appellant on June 21, 1889, having been found.

The appeal should be dismissed.

Appeal dismissed, with $10 costs and disbursements. All concur except HOOKER, J., who dissents.

HOOKER, J. (dissenting). I find myself unable to agree with the conclusion that we cannot hear this appeal, and before stating the reasons which impel me to dissent I desire to set out the facts anew. Upon the argument it was, by affidavit filed with this court, suggested by the attorney for the executrix of the last will and testament of John J. Van Nostrand, Jr., deceased, that John J. Van Nostrand, Jr., one of the respondents, died since the entry of the order appealed from and before the appeal was taken. It was urged that because of this death the court should not hear this appeal until his executrix had been substituted for the deceased respondent. The appellant has, pursuant to permission given her, filed a brief in opposition to the affidavit. If the question so presented, whether the appeal may properly be heard, be determined in appellant's favor, the merits of the appeal then should be considered.

The judgment in this case was entered on May 8, 1889, and the order appealed from, amending the judgment, was entered on June 11, 1889. This appeal was taken on January 22, 1907. The defendant John J. Van Nostrand, Jr., died in February, 1906, at the age of 27 years, unmarried, leaving a last will and testament. Louisa B. Van Nostrand, his mother, was named in the will as executrix, and she is his sole heir, next of kin, legatee, and devisee. Before the hearing of the appeal the proper representatives of the deceased parties were substituted as respondents, except the representatives of John J. Van Nostrand, Jr. On February 6, 1907, within 15 days after the notice of appeal bears date, an application was made by the appellant at Special Term to substitute Louisa B. Van Nostrand as executrix of the will of the defendant respondent John J. Van Nostrand, Jr., as a defendant in place of said John J. Van Nostrand, Jr. She opposed the application, and on February 8, 1907, obtained an order denying appellant's motion. On or about March 22, 1907, this court, pursuant to stipulation, on motion of Louisa B. Van Nostrand, dismissed the appeal of this appellant from said order denying the substitution. 103 N. Y. Supp. 1145. The position of the executrix is inconsistent. Before the hearing of this appeal she refuses to be substituted, defeats a motion to compel the substitution, moves to dismiss an appeal from the order refusing to direct it, and

upon the argument urges that the court may not hear the appeal because she has not been substituted in place of her testator.

Section 1297 of the Code of Civil Procedure provides:

"Where the adverse party has died, since the making of the order, or the rendering of the judgment appealed from, or where the judgment appealed from was rendered, after his death, in a case prescribed by law, an appeal may be taken, as if he was living; but it cannot be heard, until the heir, devisee, executor, or administrator, as the case requires, has been substituted as the respondent."

It is perfectly apparent that one of the primary purposes of the section is to confer the right of appeal upon a party where the adverse party has died subsequent to the rendering of a judgment or the entry of an order and before the taking of an appeal; but the provision that the appeal "cannot be heard until the heir, devisee, executor, or administrator, as the case requires, has been substituted as the respondent," is for the advantage of the persons there named and them alone, that the proper one of them being substituted, he might move to dismiss the appeal or argue for the affirmance of the judgment or order appealed from; for the appellant could argue for reversal as well without as with the opposition of a respondent. The executrix, Louisa B. Van Nostrand, being an adult, could waive the benefit she might have of the provision of the section. Her conduct cannot be construed otherwise than as such waiver, and she should not be permitted to prevent other parties from proceeding to a determination of their rights. My conclusion is that the appeal has been properly heard.

This appeal was submitted to this court on March 18, 1907. On June 17, 1907, a motion was made in this court by a firm of attorneys, stating they appeared specially for Louisa B. Van Nostrand, individually and as executrix of the last will and testament of John J. Van Nostrand, Jr., deceased, and who also stated they appeared as amici curiæ, asking that this appeal be dismissed because the order of June 11, 1889, with the notice of entry thereof, was served soon after its entry upon the attorneys for the appellant, as appears from a copy of that order, which has recently been found, bearing the original admission of service of a copy of such order and its notice of entry. For the reasons I have just expressed, this motion should not prevail. Louisa B. Van Nostrand is not a party to this action, either individually or as executrix of John J. Van Nostrand, Jr., deceased, for the very cogent reason that she will not, so far as she can prevent it, permit herself to become a party to this record. When the notice of appeal was served on her, she not only did not voluntarily ask for her substitution, but opposed the motion of the appellant that she be substituted, and, being successful in defeating that motion, moved to dismiss the present appellant's appeal therefrom. From what has been said it must be apparent that she has done everything in her power to keep herself out of this case, and now should not be indulged when she makes a motion to dismiss the appeal herein. Nor is there any necessity for a friend of the court to act in this case, as her attorneys have sought to act in making this motion. The notice of appeal, pursuant to the statute, was served upon the executor of John

J. Van Nostrand, Jr., deceased, and if there has been, or is now, any reason why the appeal should be dismissed the section of the Code which has been cited is ample to allow the substitution of some person representing the estate of the deceased for the purpose of making this motion to dismiss the appeal. Heretofore she and her attorneys have urged in the strongest terms that the appeal cannot be considered because she is not a party to the record. I reach the conclusion that she can waive and has waived her right to become a party to the record so that the appellant may prosecute her appeal; but she cannot take the inconsistent position of waiving the right to be in the case and at the same time insisting that she is in it for the purpose of making a motion to dismiss the appeal. I also conclude that the motion to dismiss should be denied.

All this leads to a consideration of the merits of the appeal. An inspection of the order discloses the fact that no moving papers are recited therein. The first part of the order merely states that, a motion having been made to amend the findings and decree, and after hearing certain counsel, appearing for certain parties, and upon due consideration, it is ordered, etc. This infirmity alone would seem sufficient to require a reversal of the order. Matter of Burnham v. Murkett, 64 App. Div. 596, 72 N. Y. Supp. 300. The judgment construed the last will and testament of John J. Van Nostrand, the elder, the grandfather of the defendant John J. Van Nostrand, Jr., now deceased, and among other things decreed that in and by the ninth clause of his will he intended to create a trust for his grandson, John J. Van Nostrand, the younger, during the life of the latter, and that upon the death of the beneficiary his share should go to his "children." The order appealed from undertook to amend the judgment, by striking out the word "children" and inserting in place thereof the words "legal heirs on their attaining the age of 25 years." It is, of course, clear that the amendment to the judgment sought to be made by the order appealed from affected substantial rights of parties; for an entirely different class would take the fund which was to be held in trust for the grandson in case of his death without children under the provisions of the judgment as amended. It is settled that an amendment of this character may not be made upon motion. After the entry of judgment in an equity action on findings of fact and conclusions of law, the Special Term which tried the action has no power, on motion for resettlement of the findings and conclusions, to make amendments therein, altering the decision on the merits and changing the substantial rights of the parties. Heath v. N. Y. B. L. B. Co., 146 N. Y. 260, 40 N. E. 770; Stannard v. Hubbell, 123 N. Y. 520, 25 N. E. 1084.

The remedy was by appeal, rather than motion, and the order should be reversed.