MARSH v. JOHNSTON et al.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

**1. Judgment—Order for—Vacation.**

A document reciting a trial and verdict and that costs had been taxed at a certain amount, and stating that on plaintiff's motion "it is hereby ordered that judgment be entered" for plaintiff and against defendant for a specified sum and that plaintiff have execution therefor, is not a judgment, but an order therefor, though entitled as a judgment and entered as such in the judgment docket and judgment book; and hence, since the practice in jury cases is not to enter an order directing a judgment, but to enter judgment upon the making up of the judgment roll properly constituted, the order was properly vacated.

**2. Same—Definition.**

A judgment is an adjudication of the rights of the parties to an action or proceeding respecting the claim involved.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1–6.

For other definitions, see Words and Phrases, vol. 4, pp. 3827–3842; vol. 8, pp. 7695, 7696.]

Appeal from Special Term, Kings County.

Action by Annie M. Marsh against James Johnston and another. From an order setting aside an order, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Henry Escher, Jr., for appellant.

Charles C. Clark, for respondents.

HOOKER, J. Upon the trial of this case the plaintiff had a verdict of the jury, and subsequently there was entered in the clerk's office a paper which, after reciting the fact of the trial, the verdict, and that costs had been taxed at so much, stated:

"Now, on motion of Elliott & Jones, attorneys for the plaintiff, it is hereby ordered that judgment be entered in favor of the plaintiff and against the defendant for the sum of forty seven thousand nine hundred and eleven dollars and seventy-five cents ($47,911.75), and that plaintiff have execution therefor."

This paper was entered by the clerk in the judgment docket and judgment book as a judgment. This is an appeal by the plaintiff from an order setting aside the said order on the ground that it was an order for a judgment, rather than a judgment, and directing the clerk to make the proper entries to effectuate the order.

An order for a judgment never was, and cannot be, a final judgment. Because it is a sentence of the law, and is meant finally to declare the rights of the parties, it must of necessity be a definite, plain statement of what the final determination is. Nothing short of this should suffice, especially in view of the solemnity and binding effect of judgments. The paper in this case, which the appellant seeks to call a judgment, is clearly merely an order that a judgment enter, and does not declare that the plaintiff recover of the defendant any sum or have any other relief. "At common law a judgment is the determination or sentence of the law, pronounced by a competent judge or court, as the result of an action or proceeding instituted in or before such

court or judge, affirming that, upon the matters submitted for its de-
cision, a legal duty or liability does or does not exist." 23 Cyc. 665.
It is "an adjudication of the rights of the parties in respect to the claim
involved." McNulty v. Hurd, 72 N. Y. 518, 521; Matter of Ly-
man, 60 Hun, 82, 84, 14 N. Y. Supp. 198. The paper in question is
not this, but is a mere direction that such as this may be entered. Such
a direction has no more effect than findings of fact and conclusions
of law in an equity case, and in such conclusions a direction that judg-
ment enter in accordance therewith is usual. No one, however, has
ever supposed that such a direction, even if entered by the clerk, was
actually a judgment.

The fact that an order which has been set aside is entitled as a
judgment does not, of course, make it such; and the provision for ex-
ecution evidently means that the judgment, when entered pursuant
to the order, should contain a direction that execution issue to enforce
its terms. Our conclusion is that the paper in question is not a judg-
ment; and inasmuch as the practice, in cases tried before a jury, is
not to enter an order directing a judgment, but rather that the judg-
ment should be entered upon the making up of a judgment roll prop-
erly constituted, the court below was right in vacating and setting
aside the order and in directing that the clerk make the proper entries
in the judgment docket and the judgment book to effectuate its order.

The appellant asks us to amend her judgment nunc pro tunc. With-
out determining under what conditions it would be proper to amend
nunc pro tunc, it is sufficient to say that in this case there is no judg-
ment to amend.

It follows that the order appealed from should be affirmed, with
$10 costs and disbursements.

WOODWARD, JENKS, and MILLER, JJ., concur.

GAYNOR, J., concurs in result, on the ground that the paper put
on the record by the clerk is not an order, but a nullity, and should
be struck from the record. The clerk had no power to make an order.