(125 App. Div. 718.)

VAN NOSTRAND et al. v. VAN NOSTRAND et al.*

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

1. APPEAL—APPEALABLE ORDERS—ORDER DISMISSING APPEAL FROM ORDER.
    Since appeals to the Court of Appeals may be taken as of right only from final judgments determining actions and final orders determining special proceedings, on the merits, excepting orders granting new trials on exceptions, an order of the Appellate Division dismissing an appeal from an order amending a judgment is not appealable to the Court of Appeals.

2. SAME.
    Only an order, and not a judgment, may be entered on the Appellate Division's decision on an appeal from an order.

*For opinion on rehearing, see 110 N. Y. Supp. 665.

**3. JUDGMENT—ENTRY—CLERK'S AUTHORITY.**

A county clerk has no authority to enter a judgment of dismissal on an order of dismissal made by the Appellate Division.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 506–508.]

Hooker, J., dissenting.

Appeal from Special Term, Kings County.

Action by Gardiner Van Nostrand, individually and as executor, etc., and others against Frances Stanton Van Nostrand and others. From an order denying a motion to vacate a so-called judgment, defendant Louisa B. Van Nostrand, individually and as John J. Van Nostrand's executrix, appeals. Reversed, and motion granted.

See 105 N. Y. Supp. 798.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Alfred Jaretzki, for appellant.

Henry Hirschberg, for respondents Anabel G. Van Nostrand and Frances S. Van Nostrand, and for Anna Bell Van Nostrand, administratrix of the estate of Gardiner Van Nostrand, deceased.

GAYNOR, J.   The notice of appeal herein was from an order made by the Special Term of the Supreme Court amending the judgment herein, and entered June 18, 1889. We dismissed the appeal for the reason that the time to appeal had been limited to 30 days by service of notice of entry of the order in 1889, and also for the reason that there had been no substitution of the heir, devisee or executor (as the case might be) in the case of deceased parties who would be respondents if alive when the notice of appeal was so filed in 1907. A history of the case is given in our opinion. 121 App. Div. 262, 105 N. Y. Supp. 798.

The appellant has caused the county clerk to enter on our order of dismissal what is called a judgment of dismissal, and has taken an appeal to the Court of Appeals from such judgment of the county clerk. A motion to vacate such judgment was denied by an order of the Special Term of the Supreme Court, and this appeal is from that order.

Our order dismissing the appeal from the said order amending the judgment, and entered in 1889, is not appealable to the Court of Appeals. Appeals to the Court of Appeals may be taken as of right only from "judgments or orders finally determining actions or special proceedings" (excepting orders granting new trials on exceptions), which means, as has been authoritatively determined, (1) final judgments determining actions, and (2) final orders determining special proceedings, on the merits. It is not enough that the action or special proceeding be ended by the judgment or order; it must be determined on the merits. Van Arsdale v. King, 155 N. Y. 325, 49 N. E. 866. Now neither our order nor the county clerk's judgment, if it have force, determines this action in the sense above stated. The merits of the appeal from the order of 1889 have not been determined by us. The question is one of strict right, i. e., of whether the case be one in which the right of appeal to the Court of Appeals be given.

It is said that the later case of Stevens v. Central National Bank, 162 N. Y. 253, 56 N. E. 628, is a departure from the rule. If it be it

does not help the present case. There an appeal from a final judgment was dismissed by the order of the Appellate Division, and the appellant was allowed to enter a judgment on such order and appeal from it to the Court of Appeals. Now in the case of an appeal to this court from a judgment, a judgment of affirmance or of reversal, as the case may be, has to be entered to be appealed from to the Court of Appeals, where such appeal may be taken, as we have seen. But in the case of an appeal to this court from an order (which is this case), only an order can be made thereon. There is no such thing as entering a judgment on our decision except the appeal to us be from a judgment. Only an order may be entered on our decision in the case of an appeal to us from an order. Nor has a county clerk authority to enter any judgment or order which we have not made or directed.

The order should be reversed and the motion granted.

Order reversed, with $10 costs and disbursements, and motion granted, with costs. All concur, except HOOKER, J., who dissents.

HOOKER, J. (dissenting). The judgment in this case was entered upon the findings of the court in the year 1889. About a month after the judgment was entered a motion was made to amend the findings and the judgment in an essential particular. The motion was granted. In the year 1907 one of the defendants appealed from this order. We dismissed the appeal, first on the ground that no order of substitution had been made of the heir, devisee, or executor of one of the respondents, deceased since the entry of the order and before the service of the notice of appeal. Another ground of our dismissal was that, subsequent to the argument and submission of the appeal, it was shown by affidavit on a motion to dismiss the appeal that a notice of entry had been served in the year 1889, with a copy of the order, and hence the appellant's time in which to appeal had been limited to 30 days. On our order of dismissal the respondent on this appeal entered a judgment of dismissal, and has appealed therefrom to the Court of Appeals. This appeal is from an order denying a motion to vacate that judgment, which motion was made at the Special Term of the Supreme Court. The respondent upon this appeal relies upon the authority of Stevens v. Central National Bank, 162 N. Y. 253, 56 N. E. 628, as his authority for the practice he has adopted in entering a judgment of dismissal upon our order of dismissal, and then taking his appeal to the Court of Appeals from that judgment.

I do not concur with Judge GAYNOR. In the first place, I deem it wholly unnecessary, and somewhat out of place, for us to undertake to determine whether or not an appeal lies to the Court of Appeals from our order of dismissal of the appeal from the order amending the judgment. It appears that such an appeal is now in the Court of Appeals, and, in the natural order of things, it is for the Court of Appeals to determine for itself whether the appeal lies there or not. What we may say cannot possibly affect the ultimate decision of that question. In fact, we cannot decide it even temporarily. In the second place, the practice in this particular seems to be not wholly without doubt. I agree that ordinarily there is no such thing as entering judgment in the county clerk's office on our decision except in cases where the ap-

peal heard by us was from a judgment; that is, an order only may be entered upon our decision when the appeal heard by us is from an order. But the respondent in this appeal has adopted the other practice, relying upon the Stevens Case. That case may or may not be sufficient warrant for his practice. The fact remains that he has entered judgment of dismissal, and has appealed therefrom to the Court of Appeals. The very question presented by this appeal is therefore now in the Court of Appeals, and will in due course, it is presumed, be argued before that court and decided by it. It seems to me, therefore, that, unless there is some controlling reason why we must decide this appeal now, the delicate thing for us to do is to defer determining this appeal until the Court of Appeals has passed on the question; in other words, we ought not to anticipate a decision of the Court of Appeals upon a question which affects that court, namely, its jurisdiction to hear an appeal in a given case. I am not unmindful that it ordinarily becomes our duty to decide appeals from orders which come regularly into this court, and a case might arise where we would have to pass upon the question of the appealability of an order of the Court of Appeals. It is not necessary, however, to do this in this case. The appeal now pending in the Court of Appeals is entirely independent of the appeal now before us, and our decision of this appeal can in no way affect the appeal to the Court of Appeals from the judgment of dismissal. We should not, and, of course, we could not even if we desired, foreclose any party of an appeal to the Court of Appeals, where he might take his appeal as a matter of right. I think the orderly thing for us to do is to suspend our judgment until the appeal from the judgment of dismissal is determined in the Court of Appeals; and I therefore advise that course.