---

### In re WILLIAMS et al.

(Supreme Court, Appellate Division, Fourth Department. July 9, 1912.)

1. BANKRUPTCY (§ 421*)—DEBTS AND LIABILITIES—DISCHARGE—ALIMONY.

An order for a lump sum for alimony under a decree for divorce rendered in another state, and adjudicated as such in an action thereon in the state, is not affected by the husband's discharge in bankruptcy, though the claim arose prior to Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 797 (U. S. Comp. St. Supp. 1911, p. 1493), amending Bankr. Act July 1, 1898, c. 541, § 17, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3447), so as to except a decree for alimony from the operation of a discharge in bankruptcy; that amendment being declaratory of the bankruptcy law as it existed before.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 772–774, 776, 777, 779–781, 783–786, 788–790; Dec. Dig. § 421.*]

2. JUDGMENT (§ 951*)—FOREIGN JUDGMENT—EVIDENCE.

Upon an intermediate accounting and before distribution of an estate, a claim by the former wife of deceased with proof by judgment rolls that the claim rested primarily upon an order of a South Dakota court for alimony and of a judgment thereon in the state was allowable as a claim under the South Dakota judgment proved so far as necessary by the judgment thereon in the state.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1808–1812; Dec. Dig. § 951.*]

Kruse and Robson, JJ., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Surrogate's Court, Monroe County.

Eliza R. Williams appeals from a decree of the Surrogate's Court of the county of Monroe made in the matter of the judicial settlement of the accounts of Alice D. Williams and another, as executors of the last will and testament of William Williams, deceased, disallowing and rejecting her claim as an alleged creditor of the estate of decedent.    Decree reversed, and new trial granted in the Surrogate's Court.

See, also, 148 App. Div. 937, 133 N. Y. Supp. 1150.

The claim of appellant Eliza T. Williams which was disallowed by the surrogate arises upon the following facts:

She was formerly the wife of the deceased, William Williams, and they resided at the city of Rochester, in this state.    In 1892 Williams established or claimed to have established a residence in the state of South Dakota, and there began an action for divorce against his wife, Eliza T. Williams, in the circuit court of the Seventh judicial district in that state.    While this action was pending Mrs. Williams went to South Dakota, joined issue in the action, which resulted in a decree in her favor, granting her an absolute divorce from Williams, and awarding her "in full for all alimony or moneys due her for her support during her life" the sum of $30,000, and, in addition, by a separate order, $2,200 as counsel fees and temporary alimony, and $504.98 costs.    This decree remains in full force.    No part of the alimony, counsel fee, or costs has ever been paid or collected.    Williams thereupon returned and re-established his residence at Rochester, and subsequently Mrs. Williams began an action in the Supreme Court in this state against him in an effort to enforce payment of the alimony so awarded by said South Dakota decree.    This action was defended by Williams, but resulted in a judgment in her favor on the 17th day of February, 1894, for $35,765.46, being the amount of said alimony and counsel fees and costs, with interest.    Execution was issued upon this judgment, but nothing was realized thereon.    On August 28, 1899, Williams was adjudged a bankrupt upon his own petition in the District Court of the United States for the Northern District of New York.    His entire indebtedness, as stated in the schedules filed by him consisted of the judgment recovered by Mrs. Williams on the 17th of February, 1894, in this state, and a debt of $500 to one Hoyt, as purchase price of certain shares of stock.    The schedules stated that the consideration of the judgment in favor of Mrs. Williams was a judgment recovered in South Dakota for counsel fees and alimony in the action in that state for divorce, with interest added.    Notice of the bankruptcy proceedings was given to Mrs. Williams, and she thereupon filed with the trustee a proof of claim based upon the South Dakota decree for the sum of $32,704.98 and the order for counsel fees and temporary alimony of $2,200, and in her proof of claim it was stated that it was filed only for the purpose of partaking in any dividend to which she might be entitled, and that she claimed the debt was otherwise not provable, and could not be affected by discharge of the bankrupt.    On March 15, 1900, Williams was discharged by the bankruptcy court from all his debts provable in bankruptcy.    No dividend was paid to his creditors.

On September 14, 1904, Williams died, having contracted another marriage subsequent to the Dakota divorce, and leaving the second wife and the infant Lois, born of the second marriage, him surviving.    His will was probated and letters testamentary issued to the respondents Alice D. Williams and William R. Peters as executors on the 4th day of November, 1904.    On July 15, 1907, the claimant, Eliza T. Williams, presented to these executors a claim for $35,765.46, with interest from February 17, 1894, upon and by virtue of the judgment recovered by her against Williams on that day in this state.    On the next day the executors served written notice upon the claimant rejecting the claim.    The matter was heard upon the judicial accounting of the executors, and the claim of Mrs. Williams disallowed.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

James M. E. O'Grady, of Rochester, for appellant.

Hiram Wood, of Rochester, for respondent executors.

Henry D. Shedd, of Rochester, special guardian, for infant respondent.

FOOTE, J. It appears from the decision of the surrogate that Mrs. Williams, the claimant, first presented to the executors a claim under the South Dakota decree, that the executors rejected this claim, and that thereupon Mrs. Williams brought her action in the Supreme Court to establish the claim; this, we presume, upon the theory that it would be otherwise barred by the short statute of limitations. The executors pleaded in bar of this action the former judgment recovered by Mrs. Williams in this court in 1894 against their testator. This plea was held to be good, and in the opinion written upon the dismissal of the action it was said:

"The adjudication already made in this state as to the plaintiff's rights under the Dakota decree is sufficient for the protection of the plaintiff and the establishment of her claim, notwithstanding the rejection of her claim by the executors, and such rejection does not put upon her the necessity of bringing a second action"—citing, Matter of Lyman, 60 Hun, 82, 14 N. Y. Supp. 198; McNulty v. Hurd, 72 N. Y. 518.

Thereafter the claimant prepared and presented to the executors a second claim based upon the judgment recovered in this state February 17, 1894, which the executors also rejected.

The trial before the surrogate seems to have proceeded upon the theory that this second claim was the only claim before that court for consideration. The judgment roll in the South Dakota case and the judgment roll in the New York state action thereon were both in evidence before the surrogate, and the surrogate has found the fact of the recovery of the South Dakota judgment, and that said judgment awarded to claimant against the testator $30,000 "in full for all future alimony or moneys to her for her support during her life," together with $2,200 counsel fee and temporary alimony, and, $504.98 costs and disbursements. He has also found that the judgment recovered by claimant against testator in this state on February 17, 1894, "was an effort and endeavor upon her part to enforce the said judgment of the circuit court of South Dakota." It was also found that the claim presented by claimant against the executors was a statement of the amount due claimant on the judgment recovered by her in this state, "and which judgment was the same judgment based upon the judgment for alimony of the Dakota courts." But he refused to find that the South Dakota judgment "is still a judgment of record in that state, and is in full force and effect as a judgment of the circuit court of the state of South Dakota." He does find that execution was issued upon the New York judgment and returned unsatisfied, and that nothing has been paid upon that judgment. There is no proof that the South Dakota judgment is not in full force.

A brief quotation from the opinion of the learned surrogate will

indicate sufficiently the ground upon which he has disallowed the claim:

"What is the standing of the judgment presented before us? It is not an action for alimony. The divorce was obtained in South Dakota, upon which was based the right to an action in alimony. That right to alimony was not ab initio suable in the state of New York. It was simply incidental to the divorce action in South Dakota, and, when reduced to a judgment in the state of South Dakota, it became a judgment which, as such, could be the basis of a judgment in the state of New York, not for alimony, but for the money due on said judgment, as adjudicated by the court of South Dakota."

The learned surrogate then proceeds to hold that this New York judgment was simply a money judgment, and as such it was released or extinguished by the discharge in bankruptcy. The only authorities cited for this conclusion are section 63 of the Bankruptcy Law, Lynde v. Lynde, 162 N. Y. 417, 56 N. E. 979, 48 L. R. A. 679, 76 Am. St. Rep. 332, and Arrington v. Arrington, decided in the Supreme Court of North Carolina, reported in 10 Am. Bankr. Rep. at page 103, 131 N. C. 143, 42 S. E. 554, 92 Am. St. Rep. 769.

[1] We think the claimant was entitled to have her claim allowed. We need not consider the legal effect of the discharge in bankruptcy upon the New York judgment. No doubt the proof of claim should have consisted of a duly authenticated copy of the judgment record from South Dakota, together with a certified copy of the judgment roll in the New York action. These judgments constituted the basis of her claim, showing it to be a claim for alimony adjudged in her favor by the South Dakota court and adjudicated to be such in this state. Such a claim is not affected by a discharge in bankruptcy, although it arose prior to the amendment of the Bankruptcy Act in 1903 to expressly so provide. This has been held by the Supreme Court of the United States in Audubon v. Shufeldt, 181 U. S. 575, 21 Sup. Ct. 735, 45 L. Ed. 1009; Wetmore v. Markoe, 196 U. S. 68, 25 Sup. Ct. 172, 49 L. Ed. 390, 2 Ann. Cas. 265. And in the latter case it was held that the amendment of 1903 is not a legislative recognition that prior thereto judgments for alimony would be discharged, but, in view of the decision in the Audubon Case, the amendment should be held as merely declaratory of the true intent and meaning of the statute as it existed before that time.

[2] We think the surrogate was not justified in dismissing the claim on account of the form in which it was presented as a claim upon the New York judgment alone. The matter came up upon an intermediate accounting. The estate had not been distributed, and the proofs before the surrogate showed that the claim rested primarily upon the South Dakota judgment, while the New York judgment was conclusive evidence, so far as the Surrogate's Court was concerned, of the existence and validity of the South Dakota judgment. The judgment roll of the South Dakota judgment being in evidence, the surrogate was fully advised thereby, as well as by the judgment roll in the New York action, that the plaintiff's claim was one for alimony and support due from her husband; hence, we think the

claim should have been treated as one under the South Dakota judgment proved, so far as necessary, by the New York judgment.

But the award of alimony was in the form of a gross sum for the life of the wife. Williams' liability for her support ceased with his death in 1904. Beach v. Beach, 29 Hun, 181. And, so far as the alimony awarded was intended as a provision for her support subsequent to that time, it may be that it is not enforceable. We have not before us the South Dakota statutes, and are not familiar with the practice of awarding alimony in a gross sum. But the question is not a practical one in this case, for the reason that the total amount of the Williams estate for distribution is so small that the amount payable to the claimant, in case her claim is allowed, will apparently not exceed the pro rata share of the alimony awarded to her by the South Dakota decree for the time which elapsed before Mr. Williams' death.

The decree of the surrogate, so far as appealed from, should be reversed, with costs to the appellant payable out of the estate, and a new trial ordered in the Surrogate's Court of Monroe county. All concur, except KRUSE and ROBSON, JJ., who dissent.