SAMUEL KLEPPER, Plaintiff, *v.* CANADIAN PACIFIC RAILWAY COMPANY, Defendant.

Supreme Court, Special Term, New York County, December 20, 1948.

*Joseph Nemerov* and *Aaron Schwartz* for plaintiff.

*Thomas F. Fennell* for defendant appearing specially.

HECHT, J. This is a motion to direct defendant or its attorneys to enter a judgment pursuant to an order of reversal by the Appellate Division or, upon their failure to do so, for permission to plaintiff to enter such judgment.

The order of the Appellate Division reversed an order of the Special Term which denied defendant's motion to vacate the service of the summons and complaint and dismiss the action for lack of jurisdiction and granted the motion and dismissed the complaint. The order did not contain any express direction that judgment be entered thereon. Nor is such a direction to be implied. An order vacating the service of the summons and dismissing an action " puts an end to the litigation without judicial investigation of the merits of the case " (Cohen on the Powers of the New York Court of Appeals, p. 83). It is improper to enter a judgment upon such an order " for a judgment is not defined as the decision which ends an action, but as the *determination* of the rights of the parties " (Cohen, p. 84, footnote 21). In *Van Arsdale* v. *King* (155 N. Y. 325,

329) the court said: " An action is determined, within the meaning of the Code, only when the issues of law or fact, if any, have been tried and decided and the final judgment entered, which judicially settles the controversy between the parties." In *Girardon* v. *Angelone* (259 N. Y. 565) the Court of Appeals, in dismissing an appeal from a judgment for costs entered on an order of the Appellate Division granting a motion to vacate service, stated " that no final judgment has been entered which judicially settles the controversy between the parties ". Thus, even if the present motion were granted, plaintiff would be in no better position, since " the vice of the appeal from such a judgment is still that it is not from a *determination* of the issues in the action " (Cohen, p. 84; *Girardon* v. *Angelone, supra*).

A further reason for not implying a direction by the Appellate Division that judgment be entered on its order is that said court is without power to direct the entry of a judgment where the rights of the parties have not been litigated upon the merits. In *Skinner* v. *Paramount Pictures* (294 N. Y. 474, 479), the court pointed out that the power granted to appellate courts to reverse, affirm or modify a judgment or order appealed from " does not confer upon the appellate court power to render a final judgment upon the rights of the parties unless such rights have been passed upon by the court from which the appeal is taken ". The court added (p. 479): " The appellate court may grant a ' motion for judgment which the court below ought to have granted.' It cannot grant judgment where the court below has never had opportunity to rule upon the rights of the parties."

In *Van Nostrand* v. *Van Nostrand* (125 App. Div. 718, 720) the court said: " But in the case of an appeal to this court from an order (which is this case), only an order can be made thereon. There is no such thing as entering a judgment on our decision except the appeal to us be from a judgment. Only an order may be entered on our decision in the case of an appeal to us from an order."

The case relied upon by plaintiff did not involve the question of whether a judgment could be entered upon an order of the Appellate Division dismissing the action for lack of jurisdiction without inquiry into the merits. In said cases motions for judgment based on claims of insufficiency, statute of limitations, etc., had been made at Special Term, and the orders of reversal therefore impliedly directed the entry of judgment.

For the reasons indicated, the motion is denied in all respects.