George Tilzer, J.
This is a motion to set aside the services of summonses made on February 15, 1962, pursuant to section 227-a of the Civil Practice Act. The issue herein may be readily determined by ascertaining if said services were made during the pendency of the other action.
Defendants contend that the other action was not pending at the time of the services of the summonses. They state that a trial of the issues in the other action was held in October, 1961; that the court made its findings of fact and decision on December 26,1961, directing judgment in favor of the defendants therein ; that on January 15, 1962, the court granted an order, judgment and decree, dismissing plaintiff’s complaint, granting judgment for certain specified sums of money therein as taxed by the Clerk of the court in favor of specified defendants and against plaintiffs and directing that the defendants have execution therefor.
The paper referred to as having been issued by the court on January 15,1962 is clearly merely an order that judgment enter (Marsh v. Johnston, 123 App. Div. 596).
In Matter of Bailey (Bush Term. Co.) (265 App. Div. 758, 761) the question was presented as to “ whether the petitioner *504 acquired any rights under the statute in view of the fact that the original judgment was entered prior to the effective date of the statute and its retroactive provisions are limited to pending actions ‘ in which no final judgment has been made and entered. ’ The determination of this question depends upon the construction to be given to the words 1 final judgment. ’ ’ ’
The court therein further stated ‘ ‘ The expression ‘ final judgment ’ has a well-defined meaning in the Civil Practice Act. It designates that judgment of the court of original jurisdiction by which the rights of the parties are adjudicated and determined. * * * Section 472 of the Civil Practice Act, defines a judgment as ‘ the determination of the rights of the parties in an action, and may be either interlocutory or final. ’ There are numerous other sections of the Civil Practice Act which imply the same interpretation of the words ‘ final judgment \ In this State in the absence of a stay a judgment entered in the Supreme Court has complete finality.” (Emphasis supplied.)
Section 227-a of the Civil Practice Act states that the attorney for the nonresident plaintiff shall be an agent to receive service of process “ during the pendency of such action ”. The court, accordingly, holds that there was no final judgment in the other action until it was entered on February 15, 1962. There being no other issue, the court finds that the service made upon the attorney for the plaintiffs in the other pending action to be good as to the defendants in this action. The motion to set aside the service of the summonses is, therefore, denied.
The defendants ’ time to appear generally and plead or otherwise move in relation to the complaint is extended to 10 days after the filing and publication of this order.