Domenick L. Gabrielli, J.
This is an application for an order to stay arbitration in which the respondent claims that (1) the petitioner’s demand for arbitration was not in proper form and (2) that the petitioner had prosecuted his claim to judgment and is, therefore, barred from relief under the New York Automobile Accident Indemnification Endorsement.
It appears that on August 30,1960, the petitioner was involved in a collision with a car owned and operated by one Isaac Washington. The petitioner brought suit in Supreme Court for the injuries suffered and damages he sustained. Washington’s insurance carrier disclaimed and the case went to trial before Hon. Jambs C. O’Briek, without a jury. In that proceeding, Washington was represented by his own counsel. After all the evidence on both sides was presented, the court on May 25, 1962 signed a decision awarding damages to the plaintiff (petitioner herein) and thereafter stated :
“ I find that the plaintiff has been damaged at the hands of the defendant by reason of the foregoing in the sum of $2420.00, which includes $80.00 lost wages, $140.00 surgical bill and $2200.00 for pain and suffering, a total of $2420.00. Judgment for this amount, together with costs, may be entered upon proof being filed with the Clerk, of the personal service of the summons upon the defendant.
“ Proposed judgment approved as to form by the attorney for the defendant may be submitted for signature.”
It is conceded that no judgment was ever entered upon this decision, nor any further proceeding taken.
On May 29,1962 petitioner notified, in writing, the respondent herein of the accident, injuries and result of the hearing; and on June 7,1962 the respondent advised petitioner’s attorney that it would not be responsible to the petitioner for the reason that he had prosecuted his claim to judgment without the consent of Motor Vehicle Accident Indemnification Corporation, hereinafter *619 referred to as MVAIC. Within 60 days petitioner requested arbitration, by written demand, setting forth the facts required by MVAIC.
An examination of the notices sent to the respondent reveals that all of the pertinent information required by section 7 of rule III of the ‘ ‘ Accident Claims Tribunal Rules ’ ’ of the American Arbitration Association has been furnished to the respondent. It does not affirmatively appear that the petitioner has paid the filing fee of $50 as required by section 37 of rule VIII, but certainly, petitioner’s rights ought not, and are not, to be defeated upon this ground. This requirement will have to be met.
At the time of the presentation of this matter, the heavier emphasis was placed upon the claim that the petitioner had prosecuted his claim to judgment and had, therefore, breached exclusion “ b ” of the New York Automobile Accident Indemnification Endorsement which provides for payment by MVAIC of uninsured claims and states as follows: “This endorsement
does not apply to bodily injury to an insured or care or loss of services recoverable by an insured with respect to which such insured, his legal representatives or any other person entitled to payment under this endorsement, shall, without written consent of MVAIC, make any settlement with or prosecute to judgment any action against any person or organization who may be legally liable therefor ” (italics supplied). The respondent, therefore, contends that what the petitioner had done in the Supreme Court action amounted to “ prosecuting to judgment ” his claim against Isaac Washington.
It is the determination of this court that the petitioner did not prosecute to judgment the claim against Washington.
In Klepper v. Canadian Pacific Ry. Co. (193 Misc. 808) the definition of ‘ ‘ judgment ’ ’ was in issue and the court quoted Van Arsdale v. King (155 N. Y. 325, 329) in which the court there said: ‘ ‘ An action is determined, within the meaning of the Code, only when the issues of law or fact, if any, have been tried and decided and the final judgment entered, which judicially settles the controversy between the parties ’ ’.
In Concourse Super Serv. Station v. Price (33 Misc 2d 503) one of the crucial questions was whether a 1 ‘ judgment ’ ’ had been entered in another related action; and in that action, a trial of the issues was held in October, 1961 and the court made its findings of fact and decision on December 26, 1961 directing judgment in favor of the defendants therein; that on January 15, 1962, the court granted an order, judgment and decree, dismissing plaintiff’s complaint, granting judgment for certain specified sums of money therein as taxed by the Clerk of the court in *620 favor of specified defendants and against plaintiffs and directing that the defendants have execution therefor.
In commenting on the above, the court went on to say (p. 503): “ The paper referred to as having been issued by the court on January 15,1962 is clearly merely an order that judgment enter (Marsh v. Johnston, 123 App. Div. 596).”
The phrase ‘ ‘ prosecute to judgment ’ ’ means nothing more nor nothing less than what is stated. Prosecute to judgment means to and including judgment.
The direction of Mr Justice O’Brien in his decision above referred to, was merely an order that something further take place and was not a judgment. Section 127 of the Civil Practice Act provides that1 ‘ A direction of a court or judge, made in an action or special proceeding, must be in writing unless otherwise specified in the particular case. Such a direction, unless it is contained in a judgment, is an order.”
In discussing the meaning and effect of the word judgment, the Appellate Division, Second Department in Marsh v. Johnston (123 App. Div. 596, 597) stated: “An order for a judgment never was and cannot be a final judgment. Because it is a sentence of the law and is meant finally to declare the rights of the parties, it must of necessity be a definite, plain statement of what the final determination is. Nothing short of this should suffice, especially in view of the solemnity and binding effect of judgments.”
The legislative intent in enacting article 17-A of the Insurance Law was to afford a remedy to people who are victims of uninsured motorists. Respondent’s motion is denied.